**Carl A. STAPLES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A05–1106–CR–298.**

Court of Appeals of Indiana.

Dec. 22, 2011.

Scott Lewis Webb, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Katherine Modesitt Cooper, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Carl A. Staples appeals after pleading guilty to and being sentenced for one count of Battery[1] as a class A misdemeanor and one count of Pointing a Firearm[2] as a class A misdemeanor. Staples pres-

---

1. Ind.Code Ann. § 35–42–2–1 (West, Westlaw current through end of 2011 1st Reg. Sess.).

2. Ind.Code Ann. § 35–47–4–3 (West, Westlaw current through end of 2011 1st Reg. Sess.).

ents the following restated issue for our review: Did the trial court abuse its discretion by concluding that Staples had committed a crime of domestic violence thus rendering it illegal for him to possess a firearm?

We affirm.

The factual basis supporting Staples's guilty plea follows. On March 31, 2010, Madison County police officers responded to Staples's home on a report of a battery involving a weapon. When the officers arrived at Staples's residence, they observed Tamica Burnett loading belongings into a vehicle parked in the driveway. Burnett was a member of Staples's household. Burnett, who was extremely upset, told the officers that Staples had grabbed her by the throat causing pain to her neck and head. After Burnett pushed Staples away, he went into a bedroom to retrieve a firearm. He then pointed the firearm at Burnett.

Burnett asked Staples if he was going to shoot her in front of the kids, to which Staples responded, "I don't care." *Appellant's Appendix* at 38. Staples then fled from the residence with his son. An officer made contact with Staples via cell phone. During that conversation, Staples said, "I am not going back to jail because of some lying bitch." *Id.*

The State charged Staples with battery, pointing a firearm, and neglect of a dependent. After amending the charges, Staples agreed to plead guilty to class A misdemeanor battery and class A misdemeanor pointing a firearm in exchange for the State dismissing the count alleging neglect of a dependent. The trial court sentenced Staples to concurrent terms of one year for each offense.

During sentencing, Staples asked the trial court to release his firearms, which law enforcement officers had taken posses-

sion of, to a third person. The trial court denied Staples's request and entered a determination that Staples had committed a crime of domestic violence as defined by Ind.Code Ann. § 35–41–1–6.3 (West, Westlaw current through 2011 1st Reg. Sess.). The trial court then advised Staples that he would not be allowed to own, purchase, or possess a handgun, firearm, or ammunition in the future. Staples now appeals the trial court's determination that he committed a crime of domestic violence and that he is precluded from possessing a firearm in the future.

Ind.Code Ann. § 35–38–1–7.7 (West, Westlaw current through end of 2011 1st Reg. Sess.) provides in pertinent part that at the time of sentencing the trial court "shall determine whether a person has committed a crime of domestic violence" based upon a factual basis provided as part of a plea. A crime of domestic violence is defined by statute as "an offense or the attempt to commit an offense that has as an element" the use of physical force or threatened use of a deadly weapon, committed against a person who was cohabiting with or had cohabited with the defendant as a spouse, parent, or guardian. I.C. § 35–41–1–6.3.

Staples argues that the trial court abused its discretion by entering its determination that he had committed a crime of domestic violence because he was convicted of class A misdemeanor battery and not domestic battery. This argument fails, however, because by statute a crime of domestic violence is defined as having particular elements committed against persons who have a particular relationship with the defendant. I.C. § 35–41–1–6.3. A conviction for domestic battery is not a prerequisite for a determination that the defendant committed a crime of domestic violence. *See Goldsberry v. State,* 821 N.E.2d 447 (Ind.Ct.App.2005) (conviction

for domestic battery is not required in order to determine that defendant committed crime of domestic violence, but in this instance determination is reversed due to violation of ex post facto clauses of the federal and state constitutions).

Essentially, Staples contends that there was no evidence to establish that they were members of the same household. This argument implies that there must be direct evidence of that relationship. Such is not the case. Circumstantial evidence is sufficient to sustain a conviction if the trier of fact finds that it establishes the defendant's guilt beyond a reasonable doubt. *Bonds v. State,* 721 N.E.2d 1238 (Ind. 1999). During his guilty plea hearing, Staples admitted that he and Burnett were members of the same household. The charging information alleged as much. A "family or household member" is defined by statute as a person who is (1) a current or former spouse of the other person; (2) is dating or has dated the other person; or (3) is or was engaged in a sexual relationship with the other person. I.C. § 35–41–1–10.6 (West, Westlaw current through end of 2011 1st Reg. Sess.). The presentence investigation report reflected that Staples and Burnett lived together as roommates with his child, and her children, in Staples's residence. I.C. § 35–42–2–1.3(c) (West, Westlaw current through end of 2011 1st Reg. Sess.) provides with respect to the domestic battery statute that the trial court shall review the duration of the relationship, the frequency of contact, the financial interdependence, whether the two are raising children together, whether the two engaged in tasks directed at maintaining a common household, and other relevant factors, when considering whether a person is or was living as a spouse of another individual.

Taking all of the above into consideration, we find that based upon the facts of this case, the evidence is sufficient to support the trial court's determination that Staples committed a crime of domestic violence against a household member. In response to the altercation, Burnett chose to remove her belongings from the residence and was doing so when the officers arrived on the scene. The probation officer in charge of preparing the presentence investigation report included a statement from the mother of Staples's son, in which she indicated that "she has not been involved in a relationship with [Staples] for years.... the instant offense involves another girl he was seeing." *Appellant's Appendix* at 60. While Staples denied being involved in a relationship with Burnett during the sentencing hearing, it was in his interest to do so. Further, roommates or casual acquaintances do not normally resort to the kind of violence involved here when resolving their disputes. It is reasonable to infer from the facts of the case that Burnett and Staples were, or had been, in a dating relationship.

Staples also argued at the sentencing hearing that the trial court was required to hold a separate hearing with notice prior to disqualifying Staples from future possession or ownership of firearms. A separate hearing is not required by statute, as the factual basis of a guilty plea provides the trial court with the evidence from which to make that determination. I.C. § 35–38–1–7.7. We find no reversible error here.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.