**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Dec 11 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHYLLIS ALLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1205-CR-263 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Terrell R. Maurer, Magistrate
Cause No. 82D05-1108-CM-4363

**December 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Phyllis Allen appeals her conviction of Battery as a Class A misdemeanor,[1] contending that the evidence was not sufficient to support her conviction. We affirm.

Our standard of review of a challenge to the sufficiency of the evidence is well-established: We will not re-weigh the evidence or judge the credibility of the witnesses and will consider only the probative evidence and the reasonable inferences to be drawn therefrom that support the verdict. *See McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). Here, the victim testified that on July 27, 2011, the Defendant and Landa Ray engaged in an argument from their respective cars when Ray's attempt to vacate a parking space was blocked by Defendant's vehicle. The argument continued and both parties exited their cars and engaged each other face-to-face. During this confrontation, the Defendant intentionally struck Ray in the arm causing bruising from the middle of Ray's arm to her upper arm.

Indiana Code § 35-42-2-1 provides that "A person who knowingly or intentionally touches another in a rude, insolent, or angry matter commits battery" and that the offense is a Class A misdemeanor if "it results in bodily injury to another person . . . ." Bruises are sufficient to establish bodily injury. *See Kazmier v. State,* 863 N.E.2d 912, 914 (Ind. Ct. App. 2007). Viewed consistently with our standard of review, the evidence is clearly sufficient to support the conviction.

Affirmed.

MATHIAS, J., and CRONE, J., concur.

---

[1] I.C. 35-42-2-1(a)(1)(A).