# FOR PUBLICATION



FILED

Jan 08 2015, 9:02 am

CLERK

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SCOTT HITCH,                              )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )    No. 49A02-1404-CR-295
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clayton Graham, Judge
Cause No. 49G17-1310-FD-65095

**January 8, 2015**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Scott Hitch, who was convicted of class A misdemeanor Battery[1] by a jury, appeals the trial court's determination that he committed a crime of domestic violence. Hitch argues that the trial court's domestic violence determination infringed upon his Sixth Amendment right to a jury trial when it found a fact that increased the penalty for his conviction beyond the statutory maximum in violation of Blakely v. Washington. 542 U.S. 296 (2004). Finding that the trial court's determination that Hitch committed a crime of domestic violence required it to find a fact that increased the penalty for Hitch's conviction beyond the statutory maximum, we reverse.

FACTS

On October 2, 2013, Hitch and Erica Bruce went to the Winner's Circle in Indianapolis to have drinks. Later, they went to the Steak n' Shake to order food. While the two waited for their food, the two engaged in an argument. At some point, Hitch flicked hot chili into Bruce's face. Bruce was embarrassed and walked out of the restaurant. However, she did not have money to call a cab so she rode home with Hitch.

Bruce testified that once they were inside Hitch's apartment, she plugged her phone in so that she would be able to contact her children's father. She testified that when Hitch saw that she was contacting her children's father, he became angry and told her to get out of the apartment. Bruce testified that she asked Hitch if she could stay the night, as she did not have a car, and stated that Hitch then grabbed her by her neck and positioned himself on top of her. She testified that she managed to get away and call 911.

---

[1] Ind. Code § 35-42-2-1.

2

A police officer responded and found Bruce outside the apartment with some belongings. The officer noticed that Bruce's throat was red, and Bruce stated that her throat was sore to the touch. She was taken to St. Francis Hospital, where medical personnel noted that Bruce was reporting neck pain and tenderness.

At trial, Bruce testified that she had lived with Hitch as his girlfriend from January 2013 until August 2013. Bruce then moved back in with the father of her children, but when that did not work out, she moved back in with Hitch. Both testified at trial that Bruce did not unpack her bags because she planned to move shortly thereafter. Hitch testified that he had not had a relationship with Bruce after she had moved out in August 2013, and that he had been allowing Bruce to stay with him temporarily to help her out because she was "in trouble and needed a place to stay."[2] Tr. p. 165.

On October 2, 2013, the State charged Hitch with class D felony strangulation, class D felony intimidation, and class A misdemeanor battery. The State dismissed the intimidation charge on March 27, 2014. A jury trial occurred on March 27, 2014. The jury found Hitch not guilty of strangulation and guilty of battery. The trial court sentenced Hitch to 365 days, with twelve days executed and 353 days suspended to probation.

The trial court also determined, pursuant to Indiana Code Section 35-28-1-7.7, that Hitch had committed a crime of domestic violence. Hitch objected, arguing that he was not in a relationship with Bruce. The trial court stated, "[t]hey were living together based

---

[2] Hitch's testimony at trial does not reveal whether he considered his relationship with Bruce to be intimate or romantic prior to Bruce moving out in August 2013.

on the testimony that came out in trial and they were intimately involved. And the Court has already made its decision. There will be a domestic violence determination." Tr. p. 231. Hitch now appeals the domestic violence determination.

DISCUSSION AND DECISION

Hitch argues that the trial court violated his Sixth Amendment right to a jury trial when it made a domestic violence determination and found a fact that increased the penalty for his crime beyond the prescribed statutory maximum. He contends that this determination violated Blakely v. Washington, which requires that facts that increase the penalty for a crime beyond the statutory maximum be submitted to a jury.[3] 542 U.S. at 301.

At the outset, we note that Hitch failed to object to the domestic violence determination on the grounds that it violated Blakely. However, Hitch contends that the trial court's domestic violence determination constituted fundamental error; and thus, he did not waive this error by failing to object at trial. Fundamental error is a clearly blatant violation of basic and elementary principles where the harm or potential for harm cannot not be denied. Warriner v. State, 435 N.E.2d 562, 563 (Ind. 1982). The fundamental error exception is "extremely narrow." Benson v. State, 762 N.E.2d 748, 755 (Ind. 2002).

---

[3] Hitch also argues that the evidence presented at trial did not prove that he committed a crime of domestic violence beyond a reasonable doubt. However, as our analysis of his argument regarding Blakely is dispositive, we need not address this second argument.

4

In Blakely, the Supreme Court of the United States applied the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), to a state sentencing scheme, and found that it was unconstitutional: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). Crucial to analyzing a claim arising from the rule iterated in Blakely is whether the case involves "a sentence greater than what state law authorized on the basis of the verdict alone." Id. at 305. According to the Blakely court, "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303.

In relevant part, Indiana Code section 35–31.5-2-78 defines a "crime of domestic violence" as an offense that has as an element the use of physical force or threatened use of a deadly weapon against 1) a current or former spouse, parent, or guardian, 2) a person with whom the defendant has a child in common, 3) a person who was cohabitating with or had cohabitated with the defendant as a spouse, parent, or guardian, or 4) a person who was or had been similarly situated to a spouse, parent or guardian. Here, the trial court made a domestic violence determination regarding Hitch pursuant to the domestic violence determination statute, which provides:

(a) At the time of sentencing, a court shall determine whether a person has committed a crime of domestic violence (as defined in IC 35–41–1–6.3). [4]
(b) A determination under subsection (a) must be based upon:
(1) evidence introduced at trial; or
(2) factual basis provided as part of a guilty plea.
(c) Upon determining that a defendant has committed a crime of domestic violence, a court shall advise the defendant of the consequences of this finding.
(d) A judge shall record a determination that a defendant has committed a crime of domestic violence on a form prepared by the division of state court administration.

I.C. § 35–38–1–7.7. Under federal law, any person convicted of a misdemeanor crime of domestic violence is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(9). Therefore, the trial court's determination that Hitch committed a crime of domestic violence means that Hitch may not possess a firearm.

The State argues that this result of the domestic violence determination does not implicate the rule in Blakely because that rule was only intended to apply to the length of a defendant's incarceration or criminal fines. It maintains that "Ind. Code § 35-38-1-7.7 was enacted in 2003 and defines 'crime of domestic violence' the same way as federal law. . . . [t]he trial court's domestic violence finding does not change the elements of Hitch's offense but only specifies the consequences intended by federal law, that Hitch may not possess a firearm." Appellee's Br. p. 10. The State argues that the Indiana legislature intended the domestic violence determination to "facilitate compliance" with preexisting federal law and contends that the application of Indiana Code section 35-38-1-7.7 is not a criminal punishment or penalty. Id. at 11-12.

---

[4] Indiana Code section 35-41-1-6.3 has been repealed. "Crime of domestic violence" is now defined in Indiana Code section 35–31.5-2-78.

In support of his argument that the domestic violence determination is a "penalty" under Blakely, Hitch points us to Southern Union Co. v. United States, 132 S.Ct. 2344 (2012). In Southern Union Co., the Supreme Court determined that "there is no principled basis under Apprendi to treat criminal fines differently" than imprisonment or death sentences. Id. at 2347. Hitch maintains that if Blakely applies to criminal fines as well as incarceration and the death penalty, it should apply to the prohibition against carrying a firearm that results from the domestic violence determination. The State acknowledges the holding in Southern Union Co., but maintains that fines are distinct from a firearm prohibition in that finding facts that set criminal fines is part of the historical role of the jury.

It is true that the Supreme Court included the traditional role of the jury in its reasoning when determining that Apprendi applied to criminal fines. Id. However, we do not believe that it intended to imply that Apprendi and Blakely only apply to penalties imposed as a result of facts traditionally or historically found by juries.

Moreover, in Goldsberry v. State, 821 N.E.2d 447, 465 (Ind. Ct. App. 2005), a panel of this court determined that the Indiana legislature intended the domestic violence determination applied pursuant to Indiana Code section 35-38-1-7.7 to be a criminal punishment. Furthermore, in Kazmier v. State, 863 N.E.2d 912, 915 (Ind. Ct. App. 2007), we reiterated our holding in Goldsberry, that "'our legislature intended the sanction to be a criminal punishment.'" (quoting Goldsberry, 821 N.E.2d at 465.) (emphasis in original). In Goldsberry, we found the consequence of applying the

7

domestic violence determination–the prohibition against owning or possessing a firearm–to be a criminal punishment in violation of the ex-post facto provisions of the United States Constitution and the Indiana Constitution. 821 N.E.2d at 465. We see no reason why, if the domestic violence determination results in criminal punishment for purpose of ex-post facto provisions, it would not be a criminal punishment for the purpose of determining whether there is a Blakely violation. Therefore, the domestic violence determination in Indiana Code section 35-38-1-7.7 is subject to the rule in Blakely.

Our Supreme Court, in summarizing the application of Blakely, has held that a trial court, in determining sentencing, may enhance a sentence based only on those facts that were established 1) as a fact of prior conviction, 2) by a jury beyond a reasonable doubt, 3) when admitted by a defendant, and 4) in the course of a guilty plea where the defendant has waived Apprendi rights and stipulated to certain facts or consented to judicial factfinding. Trusly v. State, 839 N.E.2d 923, 925 (Ind. 2005). In Kazmier, we addressed whether the trial court had violated Blakely when it made a domestic violence determination after Kazmier testified that the victim was his spouse. 863 N.E.2d at 917. We determined that this testimony constituted an admission for the purposes of Blakely. Id.; see also Weis v. State, 825 N.E.2d 896, 907 (Ind. Ct. App. 2005) (holding that the testimony of a defendant is sufficient to constitute an admission for Blakely purposes).

Here, Hitch did not admit that Bruce was his spouse or that she was similarly situated to a spouse. Rather, he testified that she was staying with him temporarily. Tr. p. 163. While Bruce testified that they had been in an intimate relationship, Hitch

8

testified that they were not in a relationship. Tr. p. 164. Furthermore, as the jury convicted Hitch of battery rather than domestic battery, it reached no conclusion regarding the nature of the relationship between Hitch and Bruce. Therefore, in finding that Bruce was a person who was cohabitating with or had cohabitated with Hitch as a spouse or a person who was or had been similarly situated to a spouse, the trial court was required to find a fact that increased the penalty for Hitch's crime beyond the prescribed statutory maximum in violation of Blakely. 542 U.S. at 301. This determination infringed on Hitch's Sixth Amendment right to a jury trial, and it amounts to fundamental error.

We reverse the trial court's domestic violence determination and remand for proceedings consistent with opinion if the State so desires.

MAY, J., and BARNES, J., concur.