## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2015, 9:15 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Darren Bedwell<br>Marion County Public Defender<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jesse R. Drum<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 24, 2015<br><br>Court of Appeals Case No.<br>49A02-1412-CR-838<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Marc Rothenberg, Judge<br><br>Trial Court Cause No.<br>49G02-1405-FB-26606 |

**Robb, Judge.**

# Case Summary and Issue

[1] James Johnson was convicted of battery resulting in serious bodily injury, a Class C felony, following a bench trial. At sentencing, the trial court determined that Johnson committed a crime of domestic violence. The domestic violence determination does not lengthen a defendant's sentence. Rather, a person who has been convicted of a crime of domestic violence may not possess a firearm unless his or her right to do so has been restored. Ind. Code § 35-47-4-7.

[2] Johnson now appeals, raising one issue for our review: whether the evidence presented at trial was sufficient to support the trial court's determination that Johnson committed a crime of domestic violence. Concluding that the State presented sufficient evidence to support the domestic violence determination, we affirm.

# Facts and Procedural History

[3] On May 3, 2014, Johnson celebrated his birthday with Christy Doerflein and Shonda Cain-Avant, his girlfriend of eleven months. Johnson, Doerflein, and Cain-Avant gathered at Cain-Avant's home to "party." Transcript at 14. Later in the evening, an argument erupted between Johnson and Cain-Avant, during which Johnson pulled Cain-Avant's hair and pushed her down. Johnson eventually left the residence, but Doerflein remained with Cain-Avant.

[4] When Cain-Avant and Doerflein went to a friend's house, Johnson reappeared and tried to enter the house, yelling "he knew that bitch was in the hou[se]." *Id.* at 17. Cain-Avant and Doerflein eventually left and went to a nearby store. As Cain-Avant was walking home from the store, she again saw Johnson. Johnson shouted her name, but Cain-Avant kept walking and did not stop. Johnson followed Cain-Avant back to her home and kicked the door. He returned several times that night, but Cain-Avant never invited him inside.

[5] Sometime after midnight, Cain-Avant and Doerflein fell asleep in Cain-Avant's living room. While they were sleeping, Johnson returned and climbed through a living room window. Johnson proceeded to hit Cain-Avant with closed fists on her face, head, and body. She eventually escaped to her front porch, where a neighbor who had overheard the attack and called the police was waiting. When the police arrived, Johnson was gone. Cain-Avant suffered head injuries and was transported to the hospital. When she was released from the hospital, Cain-Avant went to stay with her daughter because Johnson knew where Cain-Avant lived. She called the police the evening after the attack to report threatening phone calls and text messages she had received from Johnson following the incident. The responding officer testified at trial that Cain-Avant seemed genuinely scared for her safety.

[6] Johnson was subsequently charged with burglary, a Class B felony, and battery resulting in serious bodily injury, a Class C felony. Prior to trial, the State dismissed the burglary charge and filed the habitual offender enhancement. Johnson was convicted of battery resulting in serious bodily injury following a

bench trial.  At sentencing, Johnson admitted to being an habitual offender, and the trial court determined that Johnson committed a crime of domestic violence. The trial court sentenced Johnson to an aggregate sentence of nine years in the Department of Correction, with one year suspended to probation, and ordered Johnson to pay Cain-Avant restitution for her medical expenses. This appeal followed.

# Discussion and Decision

## I. Standard of Review

Indiana Code section 35-38-1-7.7 requires a trial court to determine, at sentencing, whether the defendant has committed a crime of domestic violence. Indiana Code section 35-31.5-2-78 defines a "crime of domestic violence" as follows:

> "Crime of domestic violence". . . means an offense or the attempt to commit an offense that:
> (1) has as an element the:
>> (A) use of physical force; or
>> (B) threatened use of a deadly weapon; and
> (2) is committed against a:
>> (A) current or former spouse, parent, or guardian of the defendant;
>> (B) person with whom the defendant shared a child in common;
>> (C) person who was cohabiting with or had cohabited with the defendant as a spouse, parent, or guardian; or

> (D) person who was or had been similarly situated to a spouse, parent, or guardian of the defendant.[1]

The statute does not require a conviction for an offense that explicitly contains a domestic violence element. *Kazmier v. State*, 863 N.E.2d 912, 916 (Ind. Ct. App. 2007). Instead, the determination is based upon the factual evidence supporting the underlying conviction, whether introduced at trial or provided as a factual basis for a guilty plea. *Id.* (citing Ind. Code § 35-38-1-7.7(b)).

Johnson contends that the evidence presented at trial was insufficient to support the trial court's determination that he committed a crime of domestic violence. Our standard of review for sufficiency of evidence is well-settled. We neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider conflicting evidence most favorably to the trial court's ruling and will affirm the judgment if there is substantial evidence of probative value to support it. *Id.* at 1066-67.

## II. Sufficiency of Evidence

At the time of the attack, Johnson and Cain-Avant had never been married, did not live together, and did not share a child in common. *See* Ind. Code § 35-31.5-2-78(2)(A)-(C). Nonetheless, the State presented evidence sufficient to

---

[1] Indiana Code section 35-31.5-2-78 tracks the language of its federal counterpart. *See* 18 U.S.C. § 921(a)(33)(A) (defining "crime of domestic violence"); *see also* 18 U.S.C. § 922(g) (prohibiting firearm possession by individuals with felony and misdemeanor domestic violence convictions).

support a determination that Cain-Avant "was or had been similarly situated" to Johnson's spouse. *Id.* § 35-31.5-2-78(2)(D).

[10] Johnson and Cain-Avant had been dating for almost a year, and both characterized the relationship as "exclusive." Tr. at 13, 81. Cain-Avant had purchased a cell phone for Johnson, cared for his disabled mother, and kept personal belongings at the house where Johnson lived with his mother. Moreover, Cain-Avant had been pregnant with Johnson's child. At the time of the attack, Johnson believed Cain-Avant was still pregnant and was not aware that she had a miscarriage. He had taken Cain-Avant to all of her doctor's appointments and attempted to avoid hitting her abdomen during the attack. Johnson testified, "It wasn't like I was trying to hit like a man because I knew she was pregnant." *Id.* at 94.

[11] Furthermore, Johnson's behavior the day of the attack and the following day demonstrates "the heightened passions that accompany intimate romantic relationships." *Williams v. State*, 798 N.E.2d 457, 461 (Ind. Ct. App. 2003). Johnson returned to Cain-Avant's home multiple times after the initial argument and even followed her to a friend's house. After violently beating her,[2] Johnson continued to threaten Cain-Avant with phone calls and text messages. As we stated in *Staples v. State*, 959 N.E.2d 323, 325 (Ind. Ct. App.

---

[2] Cain-Avant required five stitches on her face and three staples in her head. At the time of trial, over a year after the attack, she still suffered from blurry vision.

2011), "casual acquaintances do not normally resort to the kind of violence involved here when resolving their disputes."

# Conclusion

[12] The evidence presented at trial was sufficient to support a finding that Cain-Avant "was or had been similarly situated" to Johnson's spouse. Ind. Code § 35-31.5-2-78(2)(D). We therefore affirm the trial court's determination that Johnson committed a crime of domestic violence.

[13] Affirmed.

Vaidik, C.J., and Pyle, J., concur.