ATTORNEY FOR APPELLANT
Kenneth R. Martin
Goshen, IN

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, IN

# In the
# Indiana Supreme Court

No. 20S04-0506-CR-00277

LISA C. MORGAN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Circuit Court, No. 20C01-0309-FA-00169
The Honorable Terry C. Shewmaker, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-0404-CR-00239

**June 15, 2005**

**Shepard, Chief Justice.**

Lisa Morgan has appealed her sentence for dealing methamphetamine on a variety of grounds, including an adequately preserved claim under Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004). Her appeal produces three conclusions about post-Blakely sentencing under our then existing code: 1) aggravators that may be found by a judge alone must still be weighed to determine whether they warrant sentence enhancement; 2) sentence enhancements may rest upon facts acknowledged by the defendant; and 3) observations a court makes about

such factors may reflect on the weight of acknowledged facts or prior convictions but are not themselves separate aggravators.

## Facts and Procedural History

On September 23, 2003, Lisa Morgan was arrested while attempting to arrange the sale of methamphetamine to an undercover police officer. Following her apprehension, police searched Morgan and her vehicle and uncovered thirty-eight grams of methamphetamine, several items of drug paraphernalia, and a drug ledger.

The State charged Morgan for possession of methamphetamine in excess of three grams with intent to deliver, a class A felony. Ind. Code Ann. § 35-48-4-1 (West 2004). Morgan eventually pled guilty to the charge pursuant to a plea agreement that dismissed an unrelated charge of theft pending against her.

At a sentencing hearing on April 1, 2004, the court found four aggravating circumstances: 1) Morgan had a prior class B felony conviction for delivery of a controlled substance; 2) she committed the offense while she was on probation; 3) she intended to sell the methamphetamine for profit; and 4) that previous punishments had failed to rehabilitate Morgan. The trial court also found five mitigating factors: 1) Morgan's age; 2) her willingness to accept responsibility for her conduct; 3) Morgan's history of psychological issues; 4) her drug addiction; and 5) the existence of family support.

After concluding that the aggravating factors outweighed the mitigating factors, the court added five years to the standard fixed term of imprisonment, for a total penalty of thirty-five years.

Morgan appealed her sentence. In an amended brief, Morgan advanced two contentions. First, she claimed that the sentencing court considered improper aggravators and wrongly balanced the aggravating and mitigating factors. Second, she argued that U.S. Supreme Court's

ruling in <u>Blakely v. Washington</u> required her sentence be set aside because the aggravators were not found by a jury. (Appellant's Am. Br. at 5.)

The Court of Appeals rejected both of Morgan's arguments. <u>Morgan v. State</u>, No. 20A04-0404-CR-00239, slip op. at 4-9 (Ind. Ct. App. Dec. 7, 2004). We grant transfer.

## Framework of the Sentencing Claim

Morgan properly preserved her <u>Blakely</u> claim by challenging her sentence in her initial brief, even though she did not specifically mention <u>Blakely</u> until the filing of an amended brief. <u>See</u> <u>Smylie v. State</u>, 823 N.E.2d 679, 689-91 (Ind. 2005).

At the core of both of Morgan's arguments is a challenge to the propriety of the aggravators. The trial court found four: 1) Morgan's prior conviction; 2) that she committed the offense while she was on probation; 3) that she intended to sell the methamphetamine for profit; and 4) that previous punishments had failed to rehabilitate Morgan. Morgan argues that the last three of these aggravators were improperly considered either because they should have been submitted to a jury, or because the trial court improperly applied and weighed legitimate aggravators. (Pet. to Transfer at 4-5.)

We note that the State readily conceded that the third aggravator, that Morgan intended to sell the drugs for profit, was improper (Appellee's Am. Br. at 5.) and we agree that the trial court erred in considering this as an aggravating circumstance.

## I. Not All Aggravtors/Mitigators Weigh the Same

Morgan concedes that the trial court could find that her prior conviction for delivery of a controlled substance was an aggravating circumstance without submitting the question to a jury, consistent with the Sixth Amendment. Her concession is based on the fact that the general Sixth

3

Amendment rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury" contains an exception for "the fact of a prior conviction." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). See also Smith v. State, 825 N.E.2d 783 (Ind. 2005). However, Morgan asserts that it is " questionable, . . . , as to whether [her] criminal record, standing alone, [is] a sufficient aggravator to support any enhancement above the presumptive term." (Appellant's Am. Br. at 17.)

While a sentence enhanced because it is based on the fact of a prior conviction does not violate the Sixth Amendment, the question of whether the sentence should be enhanced and to what extent turns on the weight of an individual's criminal history. This weight is measured by the number of prior convictions and their seriousness, by their proximity or distance from the present offense, and by any similarity or dissimilarity to the present offense that might reflect on a defendant's culpability.

We Indiana judges often recite that "a single aggravator is sufficient to support an enhanced sentence." While there are many instances in which a single aggravator is enough, this does not mean that sentencing judges or appellate judges need do no thinking about what weight to give a history of prior convictions. The significance of a criminal history "varies based on the gravity, nature and number of prior offenses as they relate to the current offense." Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999). We observed in Wooley that "a criminal history comprised of a prior conviction for operating a vehicle while intoxicated may rise to the level of a significant aggravator at a sentencing hearing for a subsequent alcohol-related offense. However, this criminal history does not command the same significance at a sentencing hearing for murder." Id. A different example might help illustrate the same point. A conviction for theft six years in the past would probably not, standing by itself, warrant maxing out a defendant's sentence for class B burglary. But, a former conviction for burglary might make the maximum sentence for a later theft appropriate. See also Hollen v. State, 761 N.E.2d 398 (Ind. 2002).

Certainly not all cases will produce as clear-cut a separation between significant and non-significant prior convictions as these examples. The need for clarity and careful weighing, made by reference to appropriate prior criminal convictions, is more pronounced than ever given the

4

increased importance prior criminal convictions play in the sentencing process in a post-Blakely world.

Morgan's class B conviction for delivering a controlled substance was certainly worthy of some weight because of the similarity and proximity to the present offense. Given the number of mitigating factors found by the court, however, we think that her criminal record, standing on its own, would not support the imposition of the enhanced sentence.

## II. Some Sentencing Factors Are Acknowledged

Morgan contends that only a jury could find the second aggravator considered by the court -- that she had committed the present crime while on probation for another offense.

Morgan's appeal does not actually present this question, because Morgan acknowledged during the sentencing hearing the fact that she was on probation. The exchange between the trial judge and Morgan on this point is as follows:

> **The Court:** [Y]ou and your counsel convinced Judge Platt to send you to the Indiana Department of Corrections for ten years but suspend it and put you on probation. . . . . Right?
> **Ms. Morgan:** Yes.
> **The Court:** And then you got arrested for theft while you were on probation from Judge Platt. Correct?
> **Ms. Morgan:** Yes.
> **The Court:** And five months later you got arrested for this charge. Correct?
> **Ms. Morgan:** Yes. . . .
>
> **The Court:** There's no question you're guilty of this offense. Correct?
> **Ms. Morgan:** Yes.
> **The Court:** There's no question you had a prior felony, and you were out dealing while you were on probation for dealing. Correct?
> **Ms. Morgan:** Yes.
>
> (Tr. at 13, 15.)

Because Morgan admitted to the fact that she was on probation at the time of her arrest it was permissible for the trial court to consider that fact as an aggravating circumstance without submitting it to a jury. As the Court in Blakely stated, "nothing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentencing enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 542 U.S. at __, 124 S.Ct. at 2541. See also United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 756 (2005) ("Accordingly, we reaffirm our holding in Apprendi: Any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).

In this case, the record of the sentencing hearing clearly indicates that Morgan admitted to the fact that she was on probation at the time she committed the instant offense. As a result, the court could properly consider this fact in sentencing her to a term above the presumptive.

### III. Judicial Statements About Aggravators

The fourth aggravator was that prior punishments had failed to rehabilitate Morgan. We conclude that such statements, which our Court of Appeals has called "derivative" of criminal history, are legitimate observations about the weight to be given to facts appropriately noted by a judge alone under Blakely. They cannot serve as separate aggravating circumstances.

In response to the holdings in Blakely and Smylie, this Court and the Court of Appeals have received a good many appeals alleging that sentences imposed by this state's trial courts were unconstitutional because they were enhanced beyond the presumptive term by the presence of aggravators not found by a jury beyond a reasonable doubt. Like Morgan, a number of other appellants challenge the imposition of the sentence in part because the precise language of the aggravator used to enhance the sentence was not submitted to the jury or admitted by the defendant. We conclude instead that in some of these cases the trial court appears to have relied either on facts implicit in the jury's finding, or on facts admitted by the defendant in choosing to

6

articulate a particular aggravator. A good example of this sort of challenge is this case, in which Morgan argues that because she was never specifically questioned regarding, nor specifically admitted to, the fact that "previous punishments had failed to rehabilitate" the trial court impermissibly found that aggravator.

The Court in <u>Booker</u> described the Sixth Amendment right of a criminal defendant to a jury trial, as articulated in <u>Blakely</u>, and suggested that the right is only violated "whenever a judge seeks to impose a sentence that is *not solely based* on 'facts reflected in the jury verdict or admitted by the defendant.'" <u>Booker</u>, 543 U.S. __, 125 S.Ct. at 749 (emphasis added) (quoting <u>Blakely</u>, 542 U.S. __, 124 S.Ct. at 2537). We do not see how the Sixth Amendment is implicated or endangered by permitting judges to use aggravators to enhance sentences so long as the underlying facts supporting the aggravator are found by a jury or admitted by a defendant.

Put another way, Sixth Amendment rights are not implicated when the language of an aggravator is meant to describe the factual circumstances, not to serve as a fact itself. This is certainly the case with an aggravator such as "failed to rehabilitate" or "failed to deter" where the language used is not itself a fact. Such observations merely describe the moral or penal weight of actual facts. The "fact" of being undeterred is not established by a statement to that effect, but rather by the underlying fact of prior convictions. Indeed, <u>Blakely</u> "left in tact [sic] the trial judge's authority to determine whether facts alleged and found are sufficiently substantial and compelling to warrant imposing an exceptional sentence . . . . [T]hat decision is a legal judgment which, unlike factual determinations, can still be made by the trial court." <u>State v. Hughes</u>, 110 P.3d 192, 202 (Wash. 2005) (relying in part on <u>Blakely</u>, 124 S.Ct. at 2538 n.8).

The aggravators in such instances are not found by the separate inquiry of a judge, but rather by reference to facts already admitted by the defendant or found by a jury. Thus the use of such underlying facts to support an aggravator does not require the independent judicial fact-finding at issue in <u>Blakely</u>. Rather, it reflects the efforts of a judge to describe in a concise manner what the underlying facts mean, and why they demonstrate that a particular defendant deserves an enhanced sentence.

7

Because the use of underlying facts to support an enhanced sentence does not violate the Sixth Amendment requirements of <u>Blakely</u> by allowing impermissible independent judicial fact finding, we hold that sentences enhanced by aggravators whose language is not specifically found by a jury or admitted by the defendant, are not necessarily impermissible so long as the aggravator in question was 1) supported by facts otherwise admitted or found by a jury and 2) meant as a concise description of what the underlying facts demonstrate and therefore relies upon a legal determination otherwise reserved as a power of the judge.

## Disposition

Of the four aggravators found by the trial court, two are valid under <u>Blakely</u>, one was conceded by the State to be improper under state law, and one was a conclusion about the weight of the first two. The trial court found five valid mitigating circumstances, as described above. We believe these were collectively in equipoise and direct the trial court to revise the sentence to the standard term of thirty years.

**Dickson, Sullivan, Boehm, and Rucker, JJ., concur.**

8