ATTORNEY FOR APPELLANT
Kimberly S. Robinson
Indianapolis, IN

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputies Attorney General
Indianapolis, IN

# In the
# Indiana Supreme Court

No. 41S01-0506-CR-282

KELLI JO TRUSLEY,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Johnson Superior Court, No. 41D02-0110-CF-158
The Honorable Cynthia S. Emkes, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 41A01-0403-CR-109

**June 17, 2005**

**Shepard, Chief Justice.**

Appellant Kelli Jo Trusley received an enhanced sentence for reckless homicide. Her appeal requires us to consider whether various aggravators used to enhance the sentence were proper under Blakely v. Washington.

We conclude that three of the aggravating circumstances the court found were improper under Blakely. Two were proper based on admissions during the sentencing hearing.

Considering the weight of these two as against the mitigating factors, we conclude that the enhanced sentence should not be affirmed, and thus remand for a new sentencing.

**Facts and Procedural History**

Kelli Jo Trusley provided day care services to a child named Brian Small. On February 27, 2001, Brian was placed in Trusley's care. During the time Small was in Trusley's care, he fell out of the bed she had placed him in for a nap. Apparently, Trusley did not discover that Small had fallen from the bed until sometime after the fall.[1] Although Trusley attempted to resuscitate Small after she discovered him on the bedroom floor, he died as a result of the injuries sustained in the fall.[2]

A grand jury indicted Trusley for neglect of a dependent, a class B felony. Ind. Code Ann. § 35-46-1-4 (West 2004). The State later amended the indictment to charge Trusley with reckless homicide as a class C Felony. Ind. Code Ann. § 35-42-1-5 (West 2004). Trusley pled guilty to the reckless homicide charge.

The trial court found five aggravating circumstances: 1) the age of the victim; 2) that Trusley was in need of correctional or rehabilitative treatment at a penal facility; 3) that imposition of a sentence less than an enhanced sentence would depreciate the seriousness of the crime; 4) the nature and circumstances of the crime; and 5) that Trusley was in a position of trust with the victim. (Sent. Tr. at 69-78.) The court also found three mitigating factors: 1) Trusley's lack of a criminal history; 2) that prolonged incarceration would result in hardship to her dependents; and 3) that the crime was unlikely to occur again. (Sent. Tr. at 78-79.) After weighing these circumstances, the court sentenced Trusley to the maximum term of eight years, with two years suspended to probation.

---

[1] It is unclear exactly how long Small lay on the floor after his fall before being discovered. The State's doctor and a doctor retained by the defense, both indicated that Small had likely fallen about twenty to forty-five minutes before he was discovered. (Appellant's App. 54-55; 86-87.) Trusley, however, told investigators that she discovered Small no more than fifteen minutes after his fall. (Sent. Tr. 43-44.)

[2] It is also unclear how far Small actually fell. Trusley insisted that she placed Small on the lower level of a bunk bed, approximately eighteen inches off the floor. (Sent. Tr. at 44.) The doctors involved in the case disagreed with Trusley and indicated that the injuries Small sustained from the fall were caused by a fall from a height of about five feet. (Appellant's App. 57, 83-84.)

Trusley appealed her sentence, arguing that her sentence was improperly enhanced because the aggravating factors were neither found by a jury nor admitted in accordance with the holding in Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004). Trusley also argued, in more general terms, that the court improperly applied the aggravators, and failed to consider additional mitigating factors.

The Court of Appeals agreed with Trusley that the aggravators were improper under Blakely and remanded for a new sentencing proceeding. Trusley v. State, 818 N.E.2d 110, 112 (Ind. Ct. App. 2004) vacated. We grant transfer.

## I. Admitting the Victim's Age

The first aggravator used to enhance Trusley's sentence was the age of the victim. The State argues that this aggravator was proper because Indiana's sentencing scheme declares that it is an aggravating circumstance if the victim is under twelve years of age. Ind. Code Ann. § 35-38-1-7.1(a)(4)(West 2004). The question for Blakely purposes, however, is not whether a trial court can enhance a sentence based on this aggravator, but whether the fact that Brian Small was under twelve was properly established.

The Court in Apprendi v. New Jersey declared that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). As clarified in Blakely, the statutory maximum of which the Court spoke was "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 542 U.S. at __, 124 S.Ct. at 2537. We recently held that Blakely was applicable to Indiana's sentencing scheme because our presumptive term constituted the statutory maximum as defined in Blakely. Smylie v. State, 823 N.E.2d 679, 683 (Ind. 2005). Consequently, we held that to enhance a sentence under Indiana's then existing

3

system "the sort of facts envisioned by <u>Blakely</u> as necessitating a jury finding must be found by a jury . . . ." <u>Id</u>. at 686.

<u>Blakely</u> is not concerned, primarily, with what facts a judge uses to enhance a sentence, but with *how* those facts are found. Under <u>Blakely</u>, a trial court in a determinate sentencing system such as Indiana's may enhance a sentence based only on those facts that are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived <u>Apprendi</u> rights and stipulated to certain facts or consented to judicial factfinding. <u>See</u> <u>Blakely</u>, 542 U.S. at __, 124 S.Ct. at 2537, 2541; <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738, 756 (2005).

The only evidence before the sentencing court was that the victim was just ten months old. Trusley's attorney, in summing up his argument about sentencing, sensibly and professionally acknowledged the existence of that fact by saying:

> However, the Court has to consider not only aggravating factors, such as the imposition of a suspended sentence would . . . depreciate the seriousness of the crime. *And also, that the victim [of the] crime was less than twelve years of age*, and in her care.

(Sent. Tr. at 57.) (emphasis added).[3] We conclude that this statement by counsel is sufficient to constitute an admission by Trusley that Small was under twelve at the time of his death.[4]

The recent Supreme Court ruling in <u>Shepard v. United States</u>, 544 U.S. __, 125 S.Ct. 1254 (2005), supports this conclusion. In that case, the Court considered what sources a trial court may properly consult in determining whether a prior conviction

---

[3] While the strategic consideration of whether to acknowledge such a fact would be altered by the <u>Blakely</u> decision, it might still serve a client well to do so. And as our disposition will demonstrate, it has not been adverse to the client's sentencing claim in this case.

[4] <u>See</u> <u>United States v. Booker</u>, 543 U.S. __, 125 S.Ct. 738, 756 (2005)("Accordingly, we reaffirm our holding in <u>Apprendi</u>: Any fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict *must be admitted by the defendant* or proved to a jury beyond a reasonable doubt.") (emphasis added).

contained the necessary elements to serve as a predicate violent felony under the Armed Career Criminal Act. Following the reasoning of a previous decision which had limited the scope of inquiry to statutory elements, charging documents, and jury instructions, the Court concluded that in pleaded cases, the "closest analogs to jury instructions . . . would be the statement of factual basis of the charge . . . shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." Id. at 1259-60.

Although Shepard was concerned with the appropriate sources of factual information regarding prior convictions, read broadly it establishes the appropriate sources a court may consult in determining whether a fact concerning the commission of a crime has been adequately established during a plea hearing in order to pass Sixth Amendment muster.

In this case, defense counsel's statement occurred during such a "plea colloquy," and the trial court properly considered the age of the victim as an aggravating circumstance.

## II. Judicial Statements About the Moral/Penal Weight of Facts

The second aggravator is that Trusley was in a position of trust with the victim. In a recent case we stated that a defendant's "Sixth Amendment rights are not implicated when the language of an aggravator is meant to describe the factual circumstances, not to serve as a fact itself." Morgan v. State, __ N.E.2d __, 2005 WL 1403925 at *4 (Ind. June 15, 2005). In Morgan, the trial judge took note of the defendant's multiple prior convictions and observed that previous convictions had failed to rehabilitate the offender. We categorized such statements as "observations [that] merely describe the moral or penal weight of [underlying facts]." Id.

Because such observations do not involve impermissible judicial fact-finding, but rather reflect "the efforts of a judge to describe in a concise manner what the underlying facts mean,

and why they demonstrate that a particular defendant deserves an enhanced sentence," we concluded that their use did not violate the Sixth Amendment. Id. at *5. Nevertheless, we also held that to satisfy the requirements of Blakely such statements must be "1) supported by facts otherwise admitted or found by a jury and 2) meant as a concise description of what the underlying facts demonstrate and therefore [rely] upon a legal determination otherwise reserved as a power of the judge." Id.

In establishing the factual basis of the plea in this case, the following exchange occurred between Trusley and her lawyer:

> **Lawyer**: And again, you were a daycare provider for him [Small] and you had custody of him during the period of time in which he died?
> **Trusley**: Yes.

(Plea Tr. at 10.)

Judge Vaidik, dissenting in this case, commented that "these admissions are sufficient to establish that Trusley was in a position of trust with the victim." Trusley, 818 N.E.2d at 114 (Vaidik, J., dissenting) vacated. She is correct. The aggravator is an attempt to articulate the obvious nature of the relationship that existed between the defendant and the victim at the time the crime was committed.

Of course, as we said in Morgan, judicial statements such as "in a position of trust" cannot "serve as separate aggravating circumstances." Morgan, __ N.E.2d at __, 2005 WL 1403925 at *4. The trial court in Morgan, however, had enumerated both prior convictions and failure to rehabilitate as aggravating circumstances. We held that the judicial statement merely described the moral/penal weight of the prior convictions and could not serve as a "separate aggravating circumstance[]" in addition to the fact of prior conviction. Id.

Here, the court did not enhance the sentence on the grounds that Trusley was both in a position of trust and Small's day care provider. Rather, it supported the position of trust aggravator by reference to the admitted fact that Trusley was Small's day care provider. This

6

was an appropriate legal observation about properly established facts and constituted a legitimate aggravating circumstance.

## Disposition

There were three other aggravating circumstances found by the trial court: that Trusley was in need of incarceration; that the imposition of anything other than an enhanced sentence would depreciate the seriousness of the crime; and the nature and circumstances of the crime. None of these can be supported by facts found according to the procedural dictates mandated by Blakely.

Of the five aggravators found by the trial court, three were improperly considered. Although it is frequently stated that "a single aggravator is sufficient to support an enhanced sentence," the existence of an aggravator does not relieve trial or appellate judges from the obligation to consider what weight to assign a particular aggravator and to balance the aggravators and mitigators.

In this case, examining the two properly found aggravators against the three substantial mitigating circumstances found by the trial court leaves us unable to say with confidence that the enhanced sentence should be affirmed on appeal.

We remand to the trial court with instructions to afford the State an election to prove additional aggravating circumstances to a jury. Should the State forgo this election, the trial court should reconsider the appropriate sentence based on the two proper aggravators and the three mitigators identified above.

**Dickson, Sullivan, Boehm, Rucker, JJ., concur**