ATTORNEY FOR APPELLANT
Mark Small
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 49S02-0512-CR-643

LaMar Williams,

*Appellant (Defendant below),*

v.

State of Indiana,

*Appellee (Plaintiff below).*

_____

Appeal from the Marion Superior Court, No. 49G20-0310-FA-176400
The Honorable Steve Rubick, Commissioner

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-0402-CR-114

_____

**December 13, 2005**

**Shepard, Chief Justice.**


Appellant LaMar Williams struggled with Indianapolis Police Department officers during an investigatory stop and then fled in his vehicle. A jury found Williams guilty on four of the State's five charges. The trial court found four aggravating factors and two mitigating factors and enhanced Williams' sentence on one of the counts. Williams appealed on Sixth Amendment grounds, citing Blakely v. Washington, 542 U.S. 296 (2004). We affirm.

1

## Facts and Procedural History

On October 11, 2003, at around 2:30 a.m., Officer Jose Torres of the Indianapolis Police Department investigated a vehicle at a vacant building. Officer Torres encountered Williams, the driver, and did a pat-down search. There followed a struggle in which Williams was able to flee in his vehicle. During the flight, Williams dropped a white box that was later recovered and found to contain cocaine. Police apprehended Williams at Wishard Hospital, despite further attempts to resist.

A jury acquitted Williams on a count of dealing in cocaine, but found him guilty of possession of cocaine, a class C felony; resisting law enforcement, a class D felony;[1] battery, a class A misdemeanor; and resisting law enforcement, a class A misdemeanor.

The trial court sentenced Williams to six years for class C felony possession (the presumptive is four), and suspended two to probation. It ordered a consecutive three-year term for class D felony resisting (the presumptive being one and a half years). It imposed one-year concurrent terms for the misdemeanors. The result is a sentence of nine years, two suspended to probation. The Court of Appeals affirmed. Williams v. State, 818 N.E.2d 970, 977 (Ind. Ct. App. 2004) vacated. We grant transfer to consider Williams' claims under Blakely, and otherwise affirm the Court of Appeals. Ind. Appellate Rule 58(A).

## Blakely and Aggravating Factors

The trial court judge found four aggravating factors: (1) Williams' criminal history; (2) Williams' likelihood to commit another offense; (3) Williams' need for rehabilitation that could best be provided by a penalty facility; and (4) Williams' behavior once caught with the drugs.

---

[1] Resisting law enforcement is a class A misdemeanor, but the use of a vehicle increases the offense level to a class D felony. IND. CODE ANN. § 35-44-3-3(b)(1)(A) (West 2004).

On this basis it ordered the felony sentences to be served consecutively and enhanced the felony counts above the presumptive. We examine these aggravating circumstances in turn.

A. Criminal History

A sentence may be enhanced on the basis of prior convictions, consistent with the Sixth Amendment. Apprendi v. New Jersey, 530 U.S. 466 (2000); Smylie v. State, 823 N.E.2d 679 (Ind. 2005).

While a single aggravating circumstance may justify enhancing a sentence, the existence of any one aggravator does not automatically justify a maximum sentence; judges must consider the weight warranted by each aggravator. Morgan v. State, 829 N.E.2d 12, 15 (Ind. 2005). "The significance of a criminal history 'varies based on the gravity, nature and number of prior offenses as they relate to the current offense.'" Id. (quoting Wooley v. State, 716 N.E.2d 919, 929 n.4 (Ind. 1999)). In Morgan, to illustrate this point, we hypothesized that a conviction for theft, six years prior to a conviction for class B burglary, probably would not warrant the maximum burglary sentence, but a maximum sentence for theft might be supported by a prior conviction for class B burglary. 829 N.E.2d at 15-16.

The criminal history on which the trial court's action rested consisted of one juvenile adjudication and one adult felony. Under Indiana's criminal code, juvenile adjudications reflecting a history of criminal behavior may be considered an aggravating circumstance. Jordan v. State, 512 N.E.2d 407, 410 (Ind. 1987). We have recently concluded that the existence of such an aggravator may be noted by a sentencing court without the intervention of a jury. Ryle v. State, __ N.E.2d __, __, No. 49S02-0505-CR-207, slip op. at 3 (Ind. Dec. 13, 2005). Thus, Williams' 1994 juvenile adjudication for burglary, a class C felony if committed by an adult, was properly considered. It was likewise proper to give aggravating weight to Williams' 1997 adult conviction for possession of cocaine as a class D felony.

B. "Derivative Statements" Cannot Be Separate Aggravators

3

The trial court's second and third aggravating factors (likelihood to re-offend and need for rehabilitation) spring from a single source: the fact of the prior convictions. This single fact cannot be used as three separate aggravators. While there has been some tendency to sanction these aggravators on grounds that they derive from a defendant's prior criminal history,[2] we have held that such statements are more properly characterized as "legitimate observations about the weight to be given to facts . . . ." Morgan, 829 N.E.2d at 17. They do not serve as separate aggravators, at least absent a jury determination. Id. at 17-18.

### C. Williams' Behavior Once Drugs Were Found

A trial court may only enhance a sentence based on those facts that "are established in one of several ways: 1) as a fact of prior conviction; 2) by a jury beyond a reasonable doubt; 3) when admitted by a defendant; and 4) in the course of a guilty plea where the defendant has waived Apprendi rights and stipulated to certain facts or consented to judicial factfinding." Trusley v. State, 829 N.E.2d 923, 925 (Ind. 2005). In the instant case, Officer Torres testified that Williams led officers on a chase where speeds reached "45 to 50 miles per hour," several traffic signals were ignored, and Williams "almost caused a couple of accidents." (Tr. at 58.) Citing this testimony, the trial court found that "[Williams'] blatant disregard for the safety of the citizens of this county must be considered as an aggravating circumstance." (Tr. at 257-58.) Since a finding of "blatant disregard" is a judicial statement, to be a proper aggravator, it must rest on some permissible fact.

None of the facts cited are permissible under Trusley.[3]

**Conclusion**

---

[2] Caron v. State, 824 N.E.2d 745, 755-56 (Ind. Ct. App. 2005)(trial court's finding that Caron was in need of extended incarceration was "derivative" of criminal history), trans. denied; Bledsoe v. State, 815 N.E.2d 507, 508 (Ind. Ct. App. 2004)(trial court's determination that defendant's rehabilitation could only occur in a penal institution and was likely to continue to engage in criminal activities was merely "derivative" of defendant's criminal history), trans. denied.

[3] The defendant did say "[t]hey said I almost got into a couple of accidents, I was driving, and mad." (Tr. at 219-20.) But, he was merely referring to the officers' previous testimony and not admitting any facts.

Williams' prior adult conviction and juvenile adjudication were adequate to support the relatively modest enhancements imposed.  We therefore affirm.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.