Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 08 2013, 5:23 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY WARREN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-CR-25 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Anne M. Flannelly, Judge Pro Tempore
Cause No. 49G22-1001-FA-1153

**October 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Larry Warren appeals his sentence following his convictions for three counts of child molesting, as Class A felonies, and two counts of child solicitation, as Class D felonies, following a jury trial. He presents a single issue for our review, namely, whether the trial court erred when it enhanced his sentence based on aggravators that were neither found by a jury nor admitted in accordance with the holding in Blakely v. Washington, 542 U.S. 296 (2004).

We remand for resentencing.

## FACTS AND PROCEDURAL HISTORY

In approximately 1998, Warren met and became business partners with D.R., the mother of two minor daughters, J.R. and H.R. J.R. was nine years old when she met Warren, who was then approximately thirty-three years old. Soon Warren and D.R. began dating, and Warren began spending more time at D.R.'s house. Warren became a companion to J.R., driving her to skating lessons, taking her to movies, and taking her out to eat. At some point while J.R. was still nine years old, Warren began engaging in frequent sexual activity with her. For the first few years, the sexual activity included activities like oral sex but excluded intercourse. Then, when J.R. was thirteen years old, she and Warren began engaging in intercourse. Warren would often videotape sexual encounters with J.R., and he took inappropriate photographs of her. When J.R. was approximately fourteen and a half years old, Warren moved out of state for work.

When J.R. was eighteen or nineteen years old, she began a relationship with Warren, and he paid her rent on an apartment for one year. When Warren informed J.R.

that he would not be renewing her lease, J.R. contacted police to report the incidents of child molesting Warren had committed during her childhood. J.R. had recovered a videotape recording depicting Warren and then-fourteen-year-old J.R. engaging in sexual activity, and she turned that videotape over to the police. J.R. also gave police inappropriate photographs Warren had taken of her when she was a minor.

The State charged Warren with five counts of child molesting, as Class A felonies, and five counts of sexual misconduct with a minor, as Class B felonies. The trial court subsequently dismissed the sexual misconduct counts because the statute of limitations had run, and the State moved to amend the information to add two counts of child solicitation, as Class D felonies. The trial court granted the State's motion to amend. A jury found Warren guilty of three counts of child molesting, as Class A felonies, and the two child solicitation counts, but acquitted Warren on two of the child molesting counts.

The trial court imposed sentence as follows: forty years for each child molesting conviction, and three years for each child solicitation conviction. The trial court ordered that the sentences would run concurrently, except that one of the sentences for child molesting would run consecutive to the others, for an aggregate term of eighty years. This appeal ensued.

## DISCUSSION AND DECISION

Warren's sole contention on appeal is that the trial court sentenced him in violation of his rights under Blakely. We note that Blakely is not applicable under Indiana's current advisory sentencing scheme. Anglemyer v. State, 868 N.E.2d 482, 489 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (2007). However, Warren committed the

3

instant offenses prior to the amendments to Indiana's sentencing scheme in April 2005; therefore, he is entitled to be sentenced under the former presumptive sentencing scheme to which Blakely does apply. See Robertson v. State, 871 N.E.2d 280, 286 (Ind. 2007).

In Apprendi v. New Jersey, the Supreme Court declared that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Four years later, Blakely clarified that the statutory maximum referred to in Apprendi is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis original). Subsequently, our Supreme Court held that Blakely was applicable to Indiana's sentencing scheme because our presumptive term constituted the statutory maximum as that term was defined in Blakely. See Smylie v. State, 823 N.E.2d 679, 683 (Ind. 2005).

Under Blakely, a trial court may enhance a sentence based only on those facts that are established in one of several ways: (1) as a fact of prior conviction; (2) by a jury beyond a reasonable doubt; (3) when admitted by a defendant; and (4) in the course of a guilty plea where the defendant has waived Apprendi rights and stipulated to certain facts or consented to judicial fact-finding. Trusley v. State, 829 N.E.2d 923, 925 (Ind. 2005). Blakely rights are subject to knowing, intelligent, and voluntary waiver. Higginbotham v. State, 826 N.E.2d 5, 6 (Ind. Ct. App. 2005).

Warren concedes that he did not make a Blakely objection at sentencing, but he maintains that the violation of his Sixth Amendment right to a jury trial constitutes

4

fundamental error. But our supreme court has held that a defendant can raise a <u>Blakely</u> claim for the first time on appeal. See <u>Kincaid v. State</u>, 837 N.E.2d 1008, 1010 (Ind. 2005). Thus, Warren need only prove error, not fundamental error.

Here, the trial court identified three aggravators, namely: Warren was in a position of trust with J.R.; at least one incident occurred when J.R.'s minor sister was present; and Warren violated a no contact order. With respect to the position of trust aggravator, our supreme court has stated:

> a defendant's "Sixth Amendment rights are not implicated when the language of an aggravator is meant to describe the factual circumstances, not to serve as a fact itself." <u>Morgan v. State</u>, 829 N.E.2d 12, 17 (Ind. 2005). In <u>Morgan</u>, the trial judge took note of the defendant's multiple prior convictions and observed that previous convictions had failed to rehabilitate the offender. We categorized such statements as "observations [that] merely describe the moral or penal weight of [underlying facts]." <u>Id.</u> Because such observations do not involve impermissible judicial fact-finding, but rather reflect "the efforts of a judge to describe in a concise manner what the underlying facts mean, and why they demonstrate that a particular defendant deserves an enhanced sentence," we concluded that their use did not violate the Sixth Amendment. <u>Id.</u> at 17-18. Nevertheless, we also held that to satisfy the requirements of <u>Blakely</u> such statements must be "1) supported by facts otherwise admitted or found by a jury and 2) meant as a concise description of what the underlying facts demonstrate and therefore [rely] upon a legal determination otherwise reserved as a power of the judge." <u>Id.</u>

Here, Warren testified at trial that he had dated D.R., was "close to the family," and "helped them out." Transcript at 206. Warren also testified that he had spent time with J.R., including buying her things at the mall and taking her to ice skating practices and dinners. We hold that Warren's testimony is sufficient to establish that he was in a position of trust with J.R.

But there is insufficient evidence to support the remaining two aggravators. The presentence investigation report indicates that Warren's alleged violation of a no contact order was only pending at the time of sentencing. And our review of the record does not reveal that Warren admitted either that he violated a no contact order or that J.R.'s minor sister was present during any of the incidents supporting his convictions. Thus, those two aggravators violate <u>Blakely</u> and cannot stand.

While <u>Blakely</u> violations are subject to a harmless error analysis, examining the one properly found aggravator found by the trial court leaves us unable to say with confidence that the enhanced sentence should be affirmed on appeal. <u>See</u> <u>Trusley</u>, 829 N.E.2d at 927. Accordingly, we remand to the trial court with instructions to afford the State an election to prove to a jury those aggravating circumstances initially presented to, and found by, the trial court. <u>See</u> <u>Neff v. State</u>, 849 N.E.2d 556, 561 (Ind. 2006). Should the State forgo this election, the trial court should reconsider the appropriate sentence based on the violation of a position of trust aggravator. <u>See</u> <u>id.</u>

Remanded for resentencing.

MATHIAS, J., and BROWN, J., concur.