## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2015, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Teryn Applegate,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 22, 2015

Court of Appeals Case No.
31A01-1504-CR-157

Appeal from the Harrison Superior Court

The Honorable Joseph L. Claypool, Judge

Trial Court Cause No.
31D01-1212-FD-904,
31D01-1301-FC-14, and
31D01-1406-FD-383

**Najam, Judge.**

# Statement of the Case

In this consolidated appeal, Teryn Applegate appeals her sentences under three separate cause numbers. Applegate presents the following issues for our review:

1. Whether, in Cause No. 31D01-1406-FD-383 ("FD-383"), the trial court abused its discretion when it failed to enter a sentencing statement.

2. Whether, in FD-383, her sentence is inappropriate in light of the nature of the offenses and her character.

3. Whether, in Cause Nos. 31D01-1212-FD-904 ("FD-904") and 31D01-1301-FC-14 ("FC-14"), the trial court abused its discretion when it imposed the entirety of her suspended sentences upon the revocation of her probation in each case.

We affirm.

# Facts and Procedural History

## *FD-904 and FC-14*

On September 30, 2013, Applegate pleaded guilty in FD-904 to theft, as a Class D felony, and the plea agreement provided for an eighteen-month sentence suspended to probation. Also on that date, Applegate pleaded guilty in FC-14 to trafficking with an inmate, as a Class A misdemeanor, and the plea agreement provided for a twelve-month sentence suspended to probation. The trial court ordered that the suspended sentences run consecutively.

*FD-383*

[4]     In April 2014, Applegate pretended to have a brain tumor in order to obtain monetary donations from her community.  Because members of the community donated money and goods to Applegate based upon her fraudulent statements, on June 25, the State charged Applegate with two counts of theft, as Class D felonies.  And on July 3, the State filed petitions to revoke Applegate's probation in both FD-904 and FC-14 based upon the new charges.

[5]     On February 11, 2015, in FD-383, Applegate pleaded guilty to two counts of theft, as Class D felonies, and her plea agreement left sentencing to the trial court's discretion, except that the court could impose only concurrent sentences.  Following a consolidated sentencing hearing, the trial court imposed concurrent three year sentences in FD-383 for an aggregate sentence of three years executed.  And the trial court revoked Applegate's probation in FD-904 and FC-14 and ordered that her suspended sentences in those cases be executed.  Finally, the trial court ordered that all three sentences would run consecutively.  This appeal ensued.

# Discussion and Decision

## *Issue One:  Sentencing Statement*

[6]     Applegate first contends that the trial court abused its discretion when it did not issue a sentencing statement in FD-383.  It is well settled that a trial court abuses its discretion if it fails to enter a sentencing statement at all.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875

N.E.2d 218 (Ind. 2007). Here, the trial court did not state its reasons for imposing Applegate's sentence in its written judgment. However, at the conclusion of the sentencing hearing, the trial court stated as follows:

> [T]he victim[s] in this matter w[ere] not just the parties that . . . are here today in Court[, but] the entire community and that's a great offense in this Court's determination[.] [T]herefore, that's what the sentence is for[, and] hopefully you can be rehabilitated and come out and have this never happen again, get with your children, and lead a good life in the future[.]

Tr. at 27. Thus, the trial court considered the number of actual victims to be an aggravating circumstance supporting the enhanced sentence. And it is well settled that a single aggravator is sufficient to support an enhanced sentence. *Trusley v. State*, 829 N.E.2d 923, 927 (Ind. 2005).

[7] Even if the trial court abused its discretion in sentencing, the error would be harmless if the sentence imposed was not inappropriate. *See Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007) (holding that in the absence of a proper sentencing order, we may either remand for resentencing or exercise our authority to review the sentence pursuant to Rule 7(B)). Because, as we explain below, Applegate's sentence is not inappropriate in light of the nature of the offenses and her character, any sentencing error was harmless.

### Issue Two: Appellate Rule 7(B)

[8] Applegate contends that her sentence is inappropriate in light of the nature of the offenses and her character. Article 7, Sections 4 and 6 of the Indiana

Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offenses and her character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[9] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[10] Applegate first contends that the nature of the offense does not support an enhanced sentence. She maintains that "she did not intend her deception to

progress so far" and the aggregate value of the stolen items was $140. Appellant's Br. at 11. However, as the trial court acknowledged at sentencing, an entire community was victimized by Applegate's fraudulent conduct, including her own children, who thought that their mother was dying of cancer. As the State points out, following a tip, police discovered that Applegate had developed "an elaborate scheme to fraudulently obtain money, including an interview with the media in which Applegate and her fiancé detailed her alleged brain tumor, stated she had six months to live, and claimed she had been denied coverage under Medicaid and the Affordable Health Care Act." Appellee's Br. at 6-7 (citing Appellant's App. at 117). We cannot say that Applegate's sentence is inappropriate in light of the nature of the offenses.

[11]  Next, Applegate contends that her character warrants a revised sentence. In particular, while Applegate acknowledges her criminal history, she claims that "her convictions are based upon poor decision making from a profound substance abuse problem." Appellant's Br. at 9. And Applegate urges us to consider her history of substance abuse to be a mitigating factor. Applegate also points out that she pleaded guilty and "saved the State and her community the cost and emotional turmoil of a full-blown trial." *Id.* at 10. Finally, Applegate points out that she accepted responsibility for the crimes and expressed remorse for her actions.

[12]  First, with respect to Applegate's history of substance abuse, Applegate does not direct us to any evidence to show that she has sought treatment for her addictions. Applegate merely describes her history of substance abuse as

follows: "[s]he began using methamphetamine at only 15 years old and has since abused marijuana, heroin, and opiate prescription pills." Appellant's Br. at 12. Without any evidence that Applegate has sought treatment for her addictions in the past, we cannot say that her substance abuse warrants a revised sentence. *See, e.g.*, *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009) (noting that a history of substance abuse may be a mitigating circumstance but may also be an aggravating circumstance where the defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it).

[13] Second, Applegate's criminal history includes convictions for four prior counts of theft, possession of a controlled substance, and trafficking with an inmate while incarcerated. And she was on probation at the time she committed the thefts in FD-383. Finally, we note that Applegate benefited from her guilty plea in that she received concurrent sentences. Despite her expression of remorse, we cannot say that her sentence is inappropriate in light of her character.

### *Issue Three: Sentencing After Probation Revocations*

[14] Finally, Applegate contends that the trial court abused its discretion when it ordered that she serve the balance of her previously suspended sentences. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than

incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

[15] Applegate's only argument on appeal is that "the probation violation in both [FD-904 and FC-14] is the same criminal scheme that underlay [sic] the offenses in FD-383" and "for the same reasons that the maximum sentence is inappropriate under FD-383, the maximum revocations in FD-904 and FC-14 constitute an abuse of discretion." Appellant's Br. at 16. Thus, for the same reasons that we have held that her sentence in FD-383 is not inappropriate, we likewise hold that the trial court did not abuse its discretion when it ordered her to serve her previously suspended sentences in FD-904 and FC-14.

[16] Affirmed.

Riley, J., and May, J., concur.