## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 24 2016, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Willis G. Heck,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 24, 2016

Court of Appeals Case No.
84A01-1601-CR-126

Appeal from the Vigo Superior
Court

The Honorable John T. Roach,
Judge

Trial Court Cause No.
84D01-1508-F5-1837

**Crone, Judge.**

## Case Summary

[1] Willis G. Heck appeals the five-year sentence imposed by the trial court following his guilty plea to level 5 felony burglary. He argues that his sentence is inappropriate in light of the nature of his offense and his character. Concluding that he has not met his burden to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] In August 2015, Heck burglarized a retail store. Heck and an accomplice stole a computer monitor and a cash register. The State charged Heck with level 5 felony burglary. Heck entered into a plea agreement with the State which provided for a maximum executed sentence of five years. All other aspects of sentencing were left to the trial court's discretion.

[3] A sentencing hearing was held in December 2015. The trial court found Heck's significant criminal history and repeated probation violations as aggravating circumstances. Although the trial court found no statutory mitigating factors, the court considered Heck's "acceptance of responsibility to be of some mitigating weight." Appellant's App. at 67. The trial court sentenced Heck to five years on work release with the opportunity to petition to modify the last year of his sentence to formal probation. This appeal ensued.

## Discussion and Decision

[4] Heck invites this court to reduce his five-year work release sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence

authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[5] Regarding the nature of the offense, "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Heck pled guilty to a level 5 felony. The sentencing range for a level 5 felony is between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). The maximum allowable executed sentence pursuant to his plea agreement was five years. Heck received a five-year sentence on work release with an opportunity to request formal probation in the last year of his sentence.

[6]     Heck contends that this sentence is inappropriate because the nature of his offense is minor. While we do not disagree with Heck that the nature of his offense was not particularly egregious, we would not characterize his offense as minor. Nevertheless, his poor character justifies the sentence imposed by the trial court.

[7]     Heck is only twenty-seven years old and has a significant criminal history which includes two felony convictions and four misdemeanor convictions. One of his prior felony convictions is for theft, which is similar to his current crime of burglary. *See Williams v. State*, 838 N.E.2d 1019, 1021 (Ind. 2005) (significance of criminal history varies based on the gravity, nature and number of prior offenses as they relate to the current offense). In addition, Heck's prior theft conviction was committed within three years of his current crime, which does not reflect favorably upon his character.

[8]     Moreover, the record indicates that Heck has previously been granted the grace of probation only to then violate it repeatedly. Indeed, the court placed Heck on probation after his most recent conviction and, during that placement, four petitions to revoke his probation were filed, three of which were granted. Heck's consistent history of failure to abide by the terms of probation does nothing to convince us that his five-year sentence on work release is unwarranted. In sum, Heck has not shown that the sentence imposed by the trial court is inappropriate and therefore we affirm.

Affirmed.

Najam, J., and Robb, J., concur.