## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2020, 9:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Anthony Fisher, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 30, 2020 <br><br> Court of Appeals Case No. 19A-CR-1922 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Samuel L. Cappas, Judge <br><br> Trial Court Cause No. 45G04-1901-F5-49 |

**Baker, Judge.**

[1] Michael Anthony Fisher appeals the sentence imposed by the trial court for Level 5 felony dealing in a narcotic drug and Level 6 felony resisting law enforcement, arguing that the trial court erred in its consideration of mitigating and aggravating circumstances. Finding no error, we affirm.

## Facts

[2] On January 24, 2019, the Hammond Police Department Narcotics Unit had a confidential informant conduct a pre-arranged heroin buy from Fisher. Just before 11 a.m., a blue Dodge Intrepid, driven by Fisher, arrived at the agreed-upon location. Fisher exited his vehicle and entered the informant's vehicle, handing the informant a cigarette package in exchange for five twenty-dollar bills. Inside the cigarette package was a "brown rock like substance," appellant's app. vol. II p. 33, which later tested positive for heroin.

[3] Fisher returned to his vehicle after this exchange, at which point officers wearing outer police identification "moved in to arrest" him and ordered him not to move. *Id.* Instead of complying with the officers' orders, Fisher accelerated his vehicle and drove away from the scene, prompting a police chase through town. The officers had their emergency lights activated as they followed Fisher, but Fisher would not stop. Eventually Fisher stopped and abandoned his vehicle, fleeing on foot. After a short foot chase, Fisher was taken to the ground by officers and arrested. In a search incident to arrest, officers found in Fischer's pocket the five twenty-dollar bills used by the informant to purchase the heroin.

[4] On January 25, 2019, the State charged Fisher, by an eighteen-count charging information, with three counts of Level 5 felony dealing in a narcotic drug, two counts of Level 5 felony dealing in cocaine, three counts of Level 6 felony possession of a narcotic drug, two counts of Level 6 felony possession of cocaine, three counts of Level 6 felony maintaining a common nuisance, one count of Level 6 felony resisting law enforcement, two counts of Class A misdemeanor resisting law enforcement, and two counts of Class B misdemeanor leaving the scene of an accident.

[5] On June 5, 2019, Marshall agreed to plead guilty to one count of Level 5 felony dealing in a narcotic drug and one count of Level 6 felony resisting law enforcement. In exchange, the State agreed to dismiss all remaining counts and to cap the aggregate executed sentence at four years. The trial court accepted the plea agreement on July 17, 2019, and at the sentencing hearing held the same day, it imposed a sentence of four years in the Department of Correction, with the possibility of a future sentence modification.

[6] During sentencing, the trial court identified the following as aggravating and mitigating factors:

Aggravating Circumstances:

1. The defendant has had eighteen (18) contacts with the criminal justice system resulting in twelve (12) misdemeanor convictions and three (3) felony convictions for a total of fifteen (15) out of eighteen (18) convictions;

2. The Court finds that the defendant has a substantial drug addiction beginning in 1998;

3. The defendant has previously had the benefit of probation, for which he has failed;

4. The defendant has had prior incarceration which failed to deter him from a life of crime;

5. The defendant has received a substantial benefit by way of the plea agreement in that fourteen (14) charges were dismissed;

6. The defendant has had prior substance abuse treatment which has failed to break him of his drug addiction; and,

7. The defendant has failed to take responsibility for his life and drug addition [sic].

Mitigating Circumstances:

1. The defendant admitted his guilt by way of a plea agreement, thus saving the Court and the tax payers of this County the time and expense of a trial. The Court gives this minimal weight in that the defendant had great incentive to enter pleas of guilty due to having fourteen (14) charges dismissed,

2. The defendant has expressed some degree of remorse which the Court finds hard to believe due to the defendant's criminal history.

*Id.* at 64-65. The trial court concluded that the aggravating factors outweighed the mitigating factors and imposed the agreed-upon maximum sentence of four

years. Recognizing the need for addiction treatment, the trial court stated that after one year in the Department of Correction, Fisher will be sent to a facility where he can participate in the Purposeful Incarceration Program for addicted offenders, and that upon successful completion of that program, the trial court would consider a sentence modification. Fisher now appeals.

# Discussion and Decision

[7]     Fisher argues that the trial court erred by considering improper aggravators and failing to recognize certain mitigating circumstances. Specifically, Fisher argues that the trial court improperly identified multiple aggravators that were all related to or derivative of the one proper aggravator—Fisher's criminal history. With regards to the mitigating circumstances, Fisher contends that the trial court erroneously failed to acknowledge in its sentencing statement mitigators that were supported by the record—namely, his commitment to rehabilitation— and erroneously discounted the weight given to Fisher's "professed remorse." Appellant's Br. p. 8.

[8]     Sentencing decisions are within the sound discretion of the trial court and we thus afford great deference to the trial court's judgment. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The trial court may err in its sentencing process if it "enter[s] a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record

and advanced for consideration, or the reasons given are improper as a matter of law." *Id.* at 490-91. We will not review the relative weight the trial court gave to any properly found aggravators or mitigators. *Id.* at 491.

[9] Fisher does not dispute that his criminal history is a valid aggravating factor. *See, e.g.*, Ind. Code § 35-38-1-7.1(a)(2) (listing "a history of criminal or delinquent behavior" as one of many possible aggravating circumstances a trial court may consider during sentencing). Rather, he claims that the six other aggravators found by the trial court are merely derivative of the criminal history aggravator and are thus improper. *See Morgan v. State*, 829 N.E.2d 12, 17 (Ind. 2005) (finding that failure of prior punishments to rehabilitate defendant was "derivative" of the criminal history aggravator and could not be considered separately).

[10] In *McMahon v. State*, however, this Court clarified that the new statutory sentencing scheme superseded the rule cited by Fisher from *Morgan v. State*, and instead allowed for factors like criminal history, being on probation at the time of an offense, and prior unsuccessful attempts to rehabilitate to each be considered as separate aggravating circumstances. 856 N.E.2d 743, 751 (Ind. Ct. App. 2006). In a footnote, the Court wrote:

> We do note that in cases arising under the former presumptive sentencing scheme, a defendant's criminal history and a judicial statement that prior attempts to rehabilitate him have been unsuccessful could not serve as separate aggravating circumstances because of the restrictions imposed by *Blakely* [*v. Washington*, 542 U.S. 296 (2004)]. *Morgan v. State*, 829 N.E.2d 12,

17 (Ind. 2005). Because our legislature has remedied the *Blakely* infirmities in our sentencing scheme, this claim of error is not available to defendants sentenced under the new statutes. In addition, even under the presumptive scheme, the "failed to rehabilitate" statement properly adds weight to the criminal history and "on probation at the same time of the instant offense" aggravators. *Morgan*, 829 N.E.2d at 16-18.

*Id.* at 751 n.8 (some internal citations omitted). As such, we find that the trial court's inclusion of several similar aggravating circumstances in Fisher's case, though each somewhat related to the criminal history aggravator and to one another, was not improper. Even if Fisher's criminal history was the only proper aggravator, the trial court was nonetheless within its discretion to give it the weight it did in imposing Fisher's four-year sentence. *See, e.g.*, *Cox v. State*, 780 N.E.2d 1150, 1156 (Ind. Ct. App. 2002) ("A sentence enhancement may still be upheld when a trial court improperly applies an aggravator but other valid aggravators exist.").

[11]  With respect to the mitigators, Fisher next argues that the trial court erred by not mentioning his commitment to rehabilitation in its sentencing statement. At the sentencing hearing, Fisher introduced a certificate of completion for the Conquering Chemical Dependency program along with a letter from the instructor stating he had a good attitude and was committed to sobriety; Fisher had entered the program during the six months he was incarcerated pending resolution of this case. He also introduced letters from his mother and Duane Dedelow, the mayor of Hammond and a long-time family friend of the Fishers, vouching for his commitment to turning his life around.

[12] In response, when summarizing the mitigating circumstances it found, the trial court acknowledged Fisher's stated remorse and desire to change, but expressed skepticism as to how committed he actually was: "Maybe you've expressed remorse, but I don't know that it's credible, because it would seem to me that for the 15 times that you were in front of other judges, I bet you did the same thing. . . . I bet you did say, I'm sorry, Judge. This [won't] happen again, and then, of course, it did." Tr. Vol. II p. 38. The trial court expressed a similar sentiment in its actual sentencing statement, listing as a mitigating circumstance that Fisher "expressed some degree of remorse," but that the trial court found it "hard to believe" given his extensive pattern of criminal conduct. Appellant's App. Vol. II p. 65.

[13] Fisher's argument is without merit. He contends that the trial court failed to include a mitigating circumstance supported by the record, yet the record shows the trial court explicitly acknowledged Fisher's claimed commitment to sobriety and remorse both at the sentencing hearing and in the sentencing statement itself. *Cf. Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002) (explaining that in the review of sentencing decisions in a non-capital case, "we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings"). The trial court also accounted for Fisher's need and desire for rehabilitation when it provided for the transfer after one year to a facility offering the Purposeful Incarceration Program and the option for a sentence modification upon successful completion of the program—giving Fisher a chance to prove his commitment to sobriety is

genuine. As such, Fisher's claim instead ultimately amounts to a request that we review the weight given to this particular mitigating circumstance relative to the other mitigators and aggravators, which we may not do.

[14] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.