Joseph REMBERT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0412–CR–570.

Court of Appeals of Indiana.

Aug. 19, 2005.

Charles E. Stewart, Appellate Public Defender, Lake Superior Court, Crown Point, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Joseph Rembert appeals the sentence he received after his plea of guilty to aggravated battery, a Class B felony.[1] He raises two issues:

1. Whether Rembert's enhanced sentence of twenty years violates his Sixth Amendment rights; and

2. Whether the trial court enhanced Rembert's sentence without specifically finding the aggravating circumstances outweighed the mitigating circumstances.

We affirm.

## FACTS AND PROCEDURAL HISTORY [2]

On August 8, 2003, Rembert shot Domingo Edwards in the face, causing Edwards to become a quadriplegic. Rembert was charged with attempted murder, a Class A felony;[3] aggravated battery, a Class B felony; and battery, a Class C felony.[4] Pursuant to a plea agreement, Rembert entered a plea of guilty to aggravated battery and the State dismissed the other charges. The agreement provided the parties would be "free to fully argue their respective positions as to the sentence to be imposed by the Court." (App. at 40.)

On November 16, 2004, Rembert was sentenced to twenty years.[5] The trial court found as aggravating circumstances: 1) Rembert had a criminal history; 2) he used a handgun to commit the aggravated battery; 3) Edwards became a quadriplegic as a result of Rembert's actions; 4) his behavior was anti-social, as evidenced by his failure to complete probation satisfactorily; and 5) Rembert committed the crime while he was on probation. As mitigating circumstances, the trial court found: 1) Rembert had a minor learning disability,

1. Ind.Code § 35–42–2–1.5.

2. Rembert's counsel filed an appendix whose table of contents included only two entries:

Clerk's Portion                                1-49
Partial Transcript of Court Sentencing
Order                                          50-52.

This does not comply with Ind. Appellate Rules 50(A)(2) and 50(C), as it offers no indication what documents are included in the "clerk's portion" of the appendix or where any individual document might be found. "The table of contents shall specifically identify each item contained in the appendix[.]" App. R. 50(C).

Counsel's failure to provide an adequate table of contents impeded our review, as we had to pore through the appendix to determine which documents he had provided and where we might find them. As noted below, at least one document of substantial importance, Rembert's pre-sentence report, was conspicuous by its absence from the appendix. While we chose to obtain that information from the trial court, we remind Rembert's counsel it is an appellant's obligation to provide us with an adequate record that clearly shows the alleged error of which he complains. See, e.g., Griffin v. State, 275 Ind. 107, 111, 415 N.E.2d 60, 62 (1981). We admonish counsel to provide a complete appendix with a usable table of contents in future appeals brought before this court.

3. Ind.Code § 35–41–5–1 (attempt); Ind.Code § 35–42–1–1 (murder).

4. Ind.Code § 35–42–2–1.

5. The presumptive sentence for a Class B felony is ten years. Ind.Code § 35–50–2–5. The trial court enhanced Rembert's sentence by ten years, the maximum allowable. Id.

and 2) he had strong support from his family.

## DISCUSSION AND DECISION

### 1. *Sixth Amendment*

■ Rembert argues the trial court erred in enhancing his sentence because "[n]one of the aggravating circumstances found by the trial court . . . were admitted to by the defendant or found by a jury[.]" (Br. of Appellant at 6.) He cites to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004), and *Smylie v. State*, 823 N.E.2d 679 (Ind.2005), *cert. pending*, in support of his argument.

■ In *Blakely*, the Supreme Court held the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase a sentence above the presumptive sentence assigned by the legislature. 542 U.S. at ——, 124 S.Ct. at 2536. "[T]he fact of a prior conviction" is an exception to that rule. *Id.* Accordingly, our trial courts no longer have discretion to sentence a criminal defendant to more than the presumptive sentence unless the defendant waives his right to a jury at sentenc-

ing,[6] a jury first determines the existence of aggravating factors, or the defendant has a criminal history. *Smylie*, 823 N.E.2d at 682.

Rembert was sentenced on November 16, 2004. *Blakely* was decided almost five months earlier, on June 24. Rembert did not request a jury at sentencing. His only reference during the sentencing hearing to his right to jury factfinding was at the end, where Rembert's counsel stated: "[t]here hasn't been anything presented to a jury that would warrant us going above the presumptive under *Blakely* and *Booker*."[7] (Tr. at 93.)

We need not address whether this statement was sufficient to preserve Rembert's challenge to his sentence on appeal, *see Smylie*, 823 N.E.2d at 690 (those defendants who have not raised objections to their sentences should be deemed to have at least forfeited, and likely waived, the *Blakely* issue for review), as Rembert's criminal history supports his enhanced sentence and does not implicate *Blakely*.

The trial court found a number of aggravating circumstances, including Rembert's criminal record, his failure to complete probation satisfactorily, and that he was on probation[8] when he shot Edwards.

---

**6.** Regarding waiver, the majority in *Blakely* provided specifically:

[N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do not understand how *Apprendi* can possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable.

542 U.S. at ——, 124 S.Ct. at 2541 (internal citations omitted).

**7.** This was presumably a reference to *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**8.** We have in some prior decisions found this aggravator "derivative" of a defendant's criminal history. *See, e.g., Abney v. State*, 822 N.E.2d 260, 268 (Ind.Ct.App.2005) (trial court's finding Abney committed his offense while on probation was a proper aggravator because it was derivative of Abney's criminal history, and consequently no *Blakely* analysis was triggered), *trans. denied; and see Morgan v. State*, 829 N.E.2d 12, 17 (Ind., 2005) (statements "derivative" of a defendant's criminal history cannot serve as separate aggravating circumstances but rather are "legitimate ob-

Rembert's criminal history is substantial. We acknowledge our supreme court's recent observation in *Morgan v. State*, 829 N.E.2d 12, 15 (Ind., 2005), that the significance of the criminal history aggravator varies based on the gravity, nature, and number of prior offenses as they relate to the current offense. We are confident Rembert's sentencing court would have imposed the same sentence had it considered only Rembert's criminal record.

Rembert's pre-sentence investigation report, the accuracy of which Rembert admitted during his sentencing hearing, reflects a criminal history that includes two convictions of auto theft, and one each of resisting law enforcement, domestic battery, battery on a law enforcement officer, carrying a handgun without a license and refusal to identify himself. All of Rembert's convictions have been of misdemeanors, but as the State noted in its sentencing argument, "Many of [Rembert's arrests] have been what I would consider violence related. Either they deal with a handgun or he's had some batteries, domestic battery, battery on a law enforcement officer, carrying a handgun without a license." (Tr. at 89.)

█ Accordingly, even if some aggravators Rembert challenges might violate *Blakely*, any error in considering those aggravators was harmless. A single valid aggravating circumstance may be sufficient to sustain an enhanced sentence, so even if a trial court improperly applies aggravating circumstances a sentence enhancement may be upheld where there are other valid aggravating circumstances.

*Abney v. State*, 822 N.E.2d 260, 269 (Ind. Ct.App.2005), *trans. denied.* The nature and extent of Rembert's criminal history indicates this is such a case.

### 2. *Balancing Aggravating and Mitigating Circumstances*

█ Rembert argues the trial court did not properly find the aggravating circumstances outweighed the mitigating circumstances and as a result, the trial court erred when it enhanced his sentence. When a trial court exercises its discretion to enhance a presumptive sentence, the record must disclose the factors the court considered to justify the enhanced sentence. *Berry v. State*, 819 N.E.2d 443, 452 (Ind.Ct.App.2004), *trans. denied.* The trial court must identify all significant aggravating and mitigating circumstances, give specific reasons why each factor is so identified, and balance the aggravating and mitigating circumstances to determine whether the aggravating circumstances outweigh the mitigating circumstances. *Id.*

The trial court did not explicitly say during the sentencing hearing or in its Order that the aggravators outweighed the mitigators. Rather, in its Order the trial court said: "[t]he Court does not find that the Mitigating Circumstances outweigh the Aggravating Circumstances and therefore enhances the defendant's sentence ...." (App. at 47.) Nevertheless, it is apparent from our review of the transcript and the Order that the trial court did in fact weigh the factors and find the aggravating factors outweighed the mitigating factors.

servations about the weight to be given to facts appropriately noted by a judge alone....").

Our supreme court is currently considering the specific question whether the fact a defendant committed an offense while on probation should be considered "derivative" of criminal history such that it need not be found by a

jury. It heard argument on June 21, 2005 in *Ryle v. State*, 819 N.E.2d 119 (Ind.Ct.App. 2004), *trans. granted*, and its decision is pending. Because Rembert's sentence enhancement is supported by his criminal history, we need not address whether the probation violation was "derivative."

While the trial court should have been explicit, we cannot say it failed to properly weigh the aggravating and mitigating circumstances. We accordingly find no error.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.