**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| PATRICK PALMER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A04-1306-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause Nos. 03C01-1103-FC-1254, 03C01-1210-FC-5411

**January 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On April 8, 2013, Appellant-Defendant Patrick Palmer pled guilty to one count of Class C felony battery resulting in serious bodily injury, one count of Class D felony attempted obstruction of justice, one count of Class A misdemeanor invasion of privacy, one count of Class A misdemeanor battery, and to being a habitual offender. Palmer was sentenced to an aggregate twenty-five-year term of imprisonment. On appeal, Palmer contends that the trial court abused its discretion in sentencing him. We affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

*Cause Number 03C01-1103-FC-1254*

On March 2, 2011, Palmer got into an argument with his girlfriend, Sydney W. Hall. During this argument, Palmer struck Hall in the head and face with his fists, elbows, knees, and feet. After being struck by Palmer, Hall was transported to Columbus Regional Hospital, where it was noted that she appeared to have been severely beaten. Hall's left eye was swollen shut, and she had a one to two inch cut under her eye that had started to turn red and black. Hall's right eye was also swollen and exhibited redness and blackening around the eye. Hall also suffered abrasions and swelling on the right side of her forehead and had scrapes and redness on her nose. Hall's mouth and lips had dried blood around them and appeared swollen. In addition to her facial injuries, Hall had several abrasions, cuts, bruises,

---

[1] We note that Palmer has failed to present this court with a transcript of his guilty plea hearing or a written copy of the factual basis given in support of his guilty plea. As such, we will rely on the facts as presented in the probable cause affidavit as well as the charging informations filed by Appellee-Plaintiff State of Indiana.

and swollen areas on her legs, knees, and arms. She also had abrasions and areas of bruising on her right shoulder blade, the back of her neck, and just below her left shoulder blade.

On March 3, 2011, the State charged Palmer with one count of Class C felony battery resulting in bodily injury, two counts of Class D felony domestic battery, and one count of Class A misdemeanor domestic battery under Cause Number 03C01-1103-FC-1254 ("Cause No. FC-1254"). The State also alleged that Palmer was a habitual offender.

Between June 29, 2011, and July 10, 2011, Palmer contacted Hall on numerous occasions and attempted to induce her, by coercion, not to appear or offer testimony for court appearances or depositions in this case. In addition, between June 1, 2011, and July 19, 2011, Palmer knowingly or intentionally violated a no contact order issued under Cause No. FC-1254. On August 22, 2011, the State amended the charging information in Cause No. FC-1254 to include five additional counts of Class D felony attempted obstruction of justice, an additional count of Class D felony attempted inducement of perjury, an additional count of Class D felony intimidation, nine additional counts of Class A misdemeanor invasion of privacy, and an additional allegation that Palmer was a habitual offender.

*Cause Number 03D01-1210-FC-5411*

On or about August 28, 2012, while incarcerated in the Bartholomew County Jail, Palmer battered Jose Abrego and attempted to confine Abrego to a cell. On October 18, 2012, the State charged Palmer with one count of Class C felony battery resulting in serious bodily injury and one count of Class C felony criminal confinement in Cause Number 03D01-1210-FC-5411 ("Cause No. FC-5411").

3

*Guilty Plea for Both Cause Numbers*

On April 8, 2013, Palmer entered into a plea agreement with the State relating to the charges filed under Cause No. FC-1254 and Cause No. FC-5411. Pursuant to the terms of the plea agreement, Palmer would plead guilty to one count of Class C felony battery resulting in serious bodily injury, one count of Class D felony attempted obstruction of justice, and one count of Class A misdemeanor invasion of privacy under Cause No. FC-1254. Palmer also admitted to being a habitual offender. Palmer additionally agreed to plead guilty to one count of Class A misdemeanor battery as a lesser-included offense under Cause No. FC-5411. In exchange for Palmer's pleas, the State agreed to dismiss all of the remaining charges.

The trial court accepted the terms of Palmer's plea agreement and, on May 7, 2013, conducted a sentencing hearing. During this hearing, the trial court heard witness testimony and argument from both parties. At the conclusion of the hearing, the trial court found no mitigating factors and five aggravating factors. The aggravating factors included: (1) Palmer attempted to minimize his criminal actions, (2) Palmer had a lengthy criminal history, (3) Palmer had been afforded the opportunity to be on probation on numerous occasions but had violated the terms of said probation at least seven times, (4) Palmer was previously offered treatment but failed to show up for the intake appointment for said treatment, and (5) Palmer was on probation at the time he committed the instant offenses. Upon considering the above-stated aggravating factors, the trial court sentenced Palmer to an aggregate twenty-five-year term of imprisonment.

**DISCUSSION AND DECISION**

Palmer contends that the trial court abused its discretion in sentencing him. Specifically, Palmer claims that the trial court abused its discretion in finding his alleged attempt to minimize his criminal actions to be an aggravating factor. Palmer also claims that the trial court abused its discretion in failing to find his guilty plea to be a mitigating factor.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted). When imposing a sentence in a felony case, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91.

Further, although a sentencing court must consider all evidence of mitigating

circumstances offered by a defendant, the finding of mitigating circumstances rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Id*. (internal quotations omitted). While a failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, "[t]he court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why he or she has chosen not to find mitigating circumstances." *Id*.

Again, in sentencing Palmer, the trial court found the following aggravating factors: (1) Palmer attempted to minimize his criminal actions, (2) Palmer had a lengthy criminal history, (3) Palmer had been afforded the opportunity to be on probation on numerous occasions but had violated the terms of his probation at least seven times, (4) Palmer was previously offered treatment but failed to show up for the intake for said treatment, and (5) Palmer was on probation at the time he committed the instant offenses. The trial court also found that there were no mitigating factors. After considering each of these factors, the trial court imposed an aggregate twenty-five-year term of imprisonment.

## A. Aggravating Factor

In arguing that the trial court abused its discretion in sentencing him, Palmer claims that the trial court abused its discretion in finding that he attempted to minimize his criminal actions to be a significant aggravating factor. Palmer, however, does not challenge any of the other aggravating factors found by the trial court.

In finding Palmer's attempt to minimize his criminal actions, the trial court found as follows:

> There are a number of aggravating circumstances, including your lack of taking responsibility for this. I know you pled guilty and some would say that is taking responsibility, but this was pursuant to a charge bargaining agreement. So the Court does not find that that is, in fact, taking responsibility. When I say not taking responsibility, maybe that's not the right phrase. Maybe the right phrase would be … it would be better stated to say that you are minimizing this. You provided the following statement regarding the instant offense. "Got drunk around 9:30 a.m., argued with the baby's mom, the conversation got heated, I lost my temper and hit her." That's minimizing the offense, as is shown through the facts presented, including the evidence presented today.

Tr. pp. 24-25 (ellipsis in original).

Palmer argues that in finding this aggravating factor, the trial court erroneously considered his admission of guilt to be aggravating rather than mitigating. We disagree and conclude that the trial court's statement regarding this factor indicates that the trial court found Palmer's attempt to downplay the seriousness of his act of beating and causing serious bodily injury to Hall to be a poor reflection on Palmer's character that was worthy of aggravating consideration. The evidence indicates that Palmer severely beat Hall, striking her in the head and face with his fists, elbows, knees, and feet, causing serious bodily injury to Hall. Palmer attempts to downplay these acts by claiming that he merely argued with Hall, lost his temper, and hit her.

Moreover, in finding that Palmer attempted to minimize his actions, the trial court appears to be of the belief that Palmer's decision to plead guilty was more of a pragmatic decision than an acceptance of guilt. Palmer was originally charged with three Class C

7

felonies, nine Class D felonies, and ten Class A misdemeanors. He was alleged to be a habitual offender. Pursuant to the terms of his plea agreement, Palmer pled guilty to one Class C felony, one Class D felony, and two Class A misdemeanors. Palmer also admitted to being a habitual offender in exchange for the dismissal of all of the remaining charges. The dismissal of two Class C felony charges, eight Class D felony charges, and eight Class A misdemeanor charges resulted in a substantial benefit to Palmer that significantly reduced the potential penalties which could have been levied against him.

We agree that the substantial benefit which Palmer received is indicative of a pragmatic decision to plead guilty, and, when coupled with Palmer's statements regarding his criminal actions, seem to indicate that Palmer was attempting to minimize the significance of his criminal actions. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (providing that a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea such that the decision to plead guilty is merely a pragmatic one). As such, we conclude that the trial court did not abuse its discretion in finding Palmer's attempt to minimize the significance of his actions to be an aggravating factor at sentencing.

Furthermore, it is well-established that a single aggravating factor is sufficient to warrant an enhanced sentence. *Morgan v. State*, 829 N.E.2d 12, 15 (Ind. 2005); *Gibson v. State*, 702 N.E.2d 707, 710 (Ind. 1998); *Rembert v. State*, 832 N.E.2d 1130, 1133 (Ind. Ct. App. 2005); *Bennett v. State*, 787 N.E.2d 938, 947 (Ind. Ct. App. 2003), *trans. denied.* Here, in sentencing Palmer to an enhanced twenty-five-year sentence, the trial court found four

additional aggravating factors, none of which were challenged by Palmer on appeal. Thus, Palmer's sentence could be justified even without considering the above-challenged aggravating factor.

## B. Mitigating Factor

In arguing that the trial court abused its discretion in sentencing him, Palmer also claims that the trial court abused its discretion in failing to find his guilty plea to be a significant mitigating factor at sentencing. Although it is well-established that a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return, *Francis v. State*, 817 N.E.2d 235, 238 (Ind. 2004), a guilty plea is not automatically a significant mitigating factor. *Sensback v. State*, 720 N.E.2d 1160, 1065 (Ind. 1999).

Again, Palmer's decision to plead guilty appears to have been more of a pragmatic decision than an acceptance of guilt. While the State ultimately benefited from being spared the expense of trial, in exchange for Palmer's plea, the State agreed to dismiss two Class C felony charges, eight Class D felony charges, and eight Class A misdemeanor charges. The dismissal of these charges resulted in a significant benefit to Palmer, and as a result, his decision to plead guilty did not rise to the level of significant mitigation. *See Wells*, 836 N.E.2d at 479; *see also Lindsey v. State*, 877 N.E.2d 190, 198-99 (Ind. Ct. App. 2007).

In sum, we conclude that the trial court did not abuse its discretion in sentencing Palmer.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.