# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2016, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott L. Wilkins,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 29, 2016<br><br>Court of Appeals Case No.<br>43A03-1604-CR-778<br><br>Appeal from the Kosciusko Superior Court<br><br>The Honorable Joe V. Sutton, Judge<br><br>Trial Court Cause No.<br>43D03-1412-F4-824 |

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Scott Wilkins ("Wilkins") was convicted of (1) Causing the Death of Another Person When Operating a Vehicle, as a Level 4 Felony[1]; and (2) Failure to Comply with Acts Required of a Driver of a Vehicle Involved in an Accident Resulting in Death, as a Level 5 Felony[2]. Wilkins now appeals his sentence. We affirm.

# Issues

[2] Wilkins raises two issues for our review:

 I.  Whether the trial court abused its discretion in sentencing; and

 II.  Whether Wilkins's sentence is inappropriate.

# Facts and Procedural History

[3] Around midnight on December 26, 2014, Wilkins was driving in rural Kosciusko County with passenger Kami Ellis ("Ellis"), who was a friend. The speed limit was 55mph, but Wilkins was driving between 86mph and 95mph. As Wilkins drove over a crest on the road, he lost control of the vehicle. The

---

[1] Ind. Code § 9-30-5-5(b) (2014). The relevant code section was modified, effective July 1, 2016. For this code section and others, we refer to the substantive provisions of the Indiana Code in effect at the time of and applicable to Wilkins's offenses.

[2] I.C. §§ 9-26-1-1; 9-26-1-8(a)2.

vehicle struck a tree and then a large stump. The force of the collision caused the engine to break free, roll through a field, and land 223 feet from where the vehicle came to rest.

[4] Nearby residents heard the crash. They saw flames. They also heard a man screaming, and observed someone walking near the flames. When both residents and responders arrived within minutes, flames had already fully engulfed the vehicle. They saw Ellis's remains in the passenger seat, but no one could locate the driver. Ground and aerial searches ensued.

[5] Meanwhile, Wilkins had left the scene and walked approximately four or five miles away to his apartment. Wilkins's neighbor, Kyra Davis ("Davis"), saw him covered in mud and crouching in the bushes across the street. She believed Wilkins was waiting for police officers to leave before he entered his apartment. Davis called Wilkins's roommate Robert Emerick ("Emerick") to tell him that Wilkins had arrived. When Emerick came to the apartment, Davis was in the hallway with Wilkins's friend Vicki Simmons ("Simmons"). The car in the collision belonged to Simmons, who had loaned the vehicle to Wilkins.

[6] When Emerick and Simmons entered the apartment, they found Wilkins showering in the bathroom. Wilkins had blood on his head, an injured arm, and a swollen ankle. Emerick and Simmons helped Wilkins get dressed, and then Wilkins told Simmons that she needed to get him out of there. Wilkins and Simmons then went downstairs into another of Simmons's vehicles, where Wilkins directed Simmons to take him to a hotel. Simmons followed Wilkins's

instructions. When they reached the parking lot of a Holiday Inn Express, Wilkins directed Simmons to pay with cash and use a fake name. Simmons complied, and then they entered the room she had rented.

[7] Shortly thereafter, police arrived and found Wilkins laying in the bed. They detected the smell of alcohol on his breath. Wilkins was arrested and taken to a local hospital where he refused to submit to a chemical test. After law enforcement secured a search warrant, Wilkins's blood was drawn approximately seven hours after the collision. Forensic testing revealed the presence of a metabolite of marijuana in Wilkins's blood.

[8] On February 15, 2016, Wilkins was brought to trial on charges of (1) Causing the Death of Another Person When Operating a Vehicle, as a Level 4 Felony[3]; (2) Failure to Comply with Acts Required of a Driver of a Vehicle Involved in an Accident Resulting in Death[4], as a Level 5 felony; and (3) Reckless Homicide, as a Level 5 Felony[5].

[9] Following a jury trial, Wilkins was acquitted of Reckless Homicide but convicted of the remaining charges. On March 16, 2016, the trial court sentenced Wilkins to an aggregate sentence of fifteen years, sentencing Wilkins to nine executed years for the Level 4 felony conviction and six executed years

---

[3] I.C. § 9-30-5-5(b).

[4] I.C. §§ 9-26-1-1; 9-26-1-8(a)2.

[5] I.C. § 35-42-1-5.

for the Level 5 conviction, with the sentences to be served consecutively. Wilkins now appeals.

# Discussion and Decision

## Abuse of Discretion

[10] Wilkins argues that the trial court abused its discretion in sentencing him. Specifically, Wilkins contends that the trial court failed to properly consider certain mitigating factors and aggravating factors in determining his sentence.

[11] The sentencing range for a Level 4 felony conviction is between two and twelve years, with six years being the advisory sentence. I.C. § 35-50-2-5.5. Wilkins was sentenced to nine years for his Level 4 felony conviction. The sentencing range for a Level 5 felony conviction is between one and six years, with three years being the advisory sentence. I.C. § 35-50-2-6. Wilkins was sentenced to six years for his Level 5 felony conviction. "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007).

[12] A trial court abuses its discretion if its sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular

sentence." *Anglemyer*, 868 N.E.2d at 491. Where, as here, a defendant alleges that the trial court failed to identify or find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Id*. at 493. However, the trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001). We will not remand unless we "cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[13] In this case, the trial court, in its written sentencing order, rejected all of Wilkins's proffered mitigating factors. Wilkins contends that the trial court failed to consider his acceptance of responsibility and improperly considered his remorse[6]. We observe that an expression of remorse necessarily encompasses a personal acceptance of responsibility. *See* Black's Law Dictionary (10th ed. 2014) (defining remorse as "[a] strong feeling of sincere regret and sadness over one's having behaved badly or done harm; intense, anguished self-reproach and compunction of conscience, esp. for a crime one has committed.") Moreover, a consideration of remorse is a credibility determination, which the trial court is better positioned to make. We will not disturb a trial court's credibility

---

[6] Wilkins also states, but does not develop argument thereon, that the trial court abused its discretion in rejecting hardship to his children as an additional mitigating circumstance. This issue is waived for review. *Pierce v. State*, 29 N.E.3d 1258, 1267-68 (Ind. 2015).

determination at sentencing unless there is evidence of an impermissible consideration. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002).

[14] Wilkins suggests that the trial court made impermissible considerations when evaluating his remorse. In support of his argument, Wilkins points to a portion of the trial court's sentencing colloquy where the trial court made statements relating to Wilkins's conduct following the collision and the impact on Ellis's family. (Sent. Tr. 44-46.) Prior to those additional comments, however, the trial court stated that with respect to remorse "[it] tend[ed] to agree with the State." (*Id.* at 44.) The State had just argued that Wilkins continued to excuse and justify his behavior in the statement Wilkins made in his pre-sentence investigation report. (*Id.* at 42.) There, Wilkins wrote: "I've admitted wrongs. And although I did leave the scene, I cannot admit to doing it willfully." (App. Vol. III, 52.) Even if Wilkins acknowledged wrongdoing with respect to causing Ellis's death, he did not take full responsibility for his evasive actions following the collision.

[15] In reviewing Wilkins's claim of remorse and acceptance of responsibility, the trial court could have reasonably given Wilkins's statements little weight, finding that Wilkins did not accept responsibility for all of his criminal actions, much less show full remorse. Here, the trial court did not abuse its discretion. Moreover, even if the trial court's comments amounted to an impermissible consideration, Wilkins has not persuaded us that the trial court would have imposed a different sentence. Therefore, we decline to remand.

[16] Wilkins also argues that the trial court abused its discretion in finding that his criminal history was an aggravating circumstance. "[T]he significance of a criminal history varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quoting *Williams v. State*, 838 N.E.2d 1019, 1021 (Ind. 2005)).

[17] Wilkins characterizes his criminal history as minimal, but both the quantity and quality of Wilkins's criminal history is well supported by the record. Wilkins has two prior felony convictions and two prior misdemeanor convictions. Two of these, a felony conviction for Possession of Marijuana and a misdemeanor conviction for Operating a Vehicle While Intoxicated Endangering a Person, substantively relate to his present conviction. Upon review, Wilkins's criminal history is a valid aggravating circumstance.

[18] Wilkins further argues that the trial court improperly found as aggravating circumstances (1) that he was in a position of trust with respect to Ellis and (2) that he caused significant harm to the victim's family. We need not reach these issues. Even a single aggravating circumstance may be sufficient to support an enhanced sentence and to justify consecutive sentences. *Walter v. State*, 727 N.E.2d 443, 448 (Ind. 2000); *Miller v. State*, 716 N.E.2d 367, 371 (Ind. 1999). We have concluded that Wilkins's criminal history is a valid aggravating circumstance. Moreover, Wilkins does not challenge the trial court's determination that his being on probation at the time of the offense was an aggravating circumstance. Accordingly, we find that the trial court did not abuse its discretion in enhancing Wilkins's sentence.

# Inappropriate Sentence

[19] Wilkins next requests appellate review and revision of his sentence. Article 7, Section 4 of the Indiana Constitution grants the authority for appellate review and revision of criminal sentences, and is implemented through Indiana Appellate Rule 7(B). Under this rule, this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225.

[20] As to the nature of the offenses, Wilkins caused death with a marijuana metabolite in his system and then engaged in exceedingly evasive actions following the collision. As to the character of the offender, Wilkins was on probation for operating a vehicle while intoxicated. In the hours prior to the crash, as Wilkins admits, he violated his probation by consuming alcohol. Wilkins's criminal history shows multiple probation violations.

[21] On balance, the record does not show "compelling evidence portraying in a positive light the nature of the offense . . . and the defendant's character" that would warrant disturbing the trial court's determination. *Stephenson v. State*, 29

N.E.3d 111, 122 (Ind. 2015). Seeing no outliers here, we find that the sentence imposed by the trial court is not inappropriate under Appellate Rule 7(B).

# Conclusion

The trial court did not abuse its discretion in sentencing Wilkins and his sentence is not inappropriate.

Affirmed.

Riley, J., and Barnes, J., concur.